ROBERT C. O'BRYAN v. STATE OF NEBRASKA.

FILED FEBRUARY 26, 1924.   No. 22852.

1. **Witnesses:** PRIVILEGE: WAIVER. A witness may decline to testify to facts incriminating himself, but this is a privilege which he may waive by failing to assert it.

2. **Conspiracy.** A conspiracy to commit a felony is a penal offense. Comp. St. 1922, sec. 9543.

3. ――――: INDICTMENT. In an indictment for a conspiracy to commit the felony of procuring money and other property by making a false representation with intent to cheat and defraud, the failure to charge the conspirators with knowledge that the representation which they conspired to make was known by them to be false may not be a fatal defect, where such knowledge is necessarily included in a proper charge of criminal intent, such knowledge, independently of the criminal intent, not being a statutory ingredient of the felony involved in the conspiracy. Comp. St. 1922, sec. 9892.

4. **Insolvency.** The test of insolvency is the insufficiency of available property to pay debts.

5. **Conspiracy:** INSOLVENCY: INSTRUCTION. In a prosecution for a conspiracy to commit the felony of procuring money and other property by the false pretense that a corporation is solvent, with intent to cheat and defraud prospective purchasers of its capital stock, it is error to instruct the jury that "insolvency means that the party whose business is in question is unable to pay his debts as they become due in the ordinary course of his daily transactions."

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Reversed.*

*Baldrige & Saxton* and *L. A. Hammes,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before LETTON, ROSE, DEAN and GOOD, JJ., ELDRED, District Judge.

ROSE, J.

In a prosecution by the state in the district court for

Douglas county, Robert C. O'Bryan, defendant, was convicted of conspiring with others to commit a felony, and for that offense was sentenced to serve a term of one year in the penitentiary and to pay a fine of $1,000. As plaintiff in error he presents for review the record of his conviction.

It is argued that the prosecution should have been abated and the proceeding dismissed on the ground that a prosecuting attorney invaded a constitutional right of defendant by requiring him as a subpœnaed witness to testify against himself before the grand jury that indicted him. Defendant is not entitled to a reversal on this ground, for the reason that he did not, when interrogated as a witness before the grand jury, claim the privilege of declining to testify to facts incriminating himself—a privilege which may be waived by the failure to assert it.

The sufficiency of the indictment was challenged by both motion and demurrer and the overruling of each is assigned as error. Defendant with a number of others was indicted for a conspiracy to commit a felony, a penal offense under a recent statute. Comp. St. 1922, sec. 9543. The felony which defendant and others were charged with a conspiracy to commit was the procuring of money and other property by means of false pretenses. Comp. St. 1922, sec. 9892. According to the indictment the conspirators agreed, in substance, omitting names, to falsely and fraudulently represent that the Great Western Commercial Body Company, a corporation, was solvent and had earned profits for the payment of dividends, and that the conspirators agreed to use these false and fraudulent representations as inducements to prospective purchasers of capital stock of that corporation, and thus to feloniously procure from them money and other property with the intent to cheat and defraud them. The overt acts to effect the object of the conspiracy, like the conspiracy itself, were charged in details unnecessarily prolix.

It is argued that the indictment is fatally defective for want of a direct charge that the conspirators knew the representations which they agreed to make were then false or

O'Bryan v. State.

would be false when subsequently repeated in the commis-
sion of overt acts. A careful prosecuting attorney skilled
in drawing indictments would not ordinarily omit this
charge, but the omission does not seem to be a fatal de-
fect in the present instance. Whoever drew the indictment
attempted to follow an old form which should be abandoned
as a legal abomination. Instead of charging in simple and
direct language the facts constituting each element of the
conspiracy and the overt acts to effect the object thereof,
the indictment contains unnecessary details and bewilder-
ing repetitions borrowed from an ancient form not suited
to present conditions. Mistakes in the difficult tasks of
following such a form under modern statutes sometimes
cause delays, confuse accused, mislead the court and defeat
justice. In the present instance, however, defendant should
not be released because he was not directly charged with
knowledge that the representations which he agreed with
others to make were false. The statute making the procur-
ing of money or other property by means of false pretenses
a crime does not in direct terms declare that knowledge of
the falsity of a representation is a substantive element of
the offense. The words "knowledge" and "knowingly" or
their equivalent are not used. Intent to cheat and defraud
the persons wronged is, however, made an ingredient of the
crime and this intent necessarily includes knowledge. The
intent to cheat and defraud by means of pretenses or false
representations is contained in the charge of conspiracy
as well as in the overt acts to effect the object thereof. Ac-
cused understood this feature of the indictment and de-
fended accordingly. For the reason that knowledge is nec-
essarily included in the charge of an intent to cheat and de-
fraud, considered in connection with the statute and the
indictment, the conviction should not be set aside under this
assignment.

The giving of the following instruction is assigned as
error:

"Under the bankruptcy laws of the United States, and
under the definition in force in this state, insolvency means

that the party whose business is in question is unable to pay his debts as they become due in the ordinary course of his daily transactions."

This is a misstatement of the law applicable to a material issue. Under the federal bankruptcy act the test of insolvency is the insufficiency of the available property to pay debts. U. S. Comp. St. 1918, sec. 9585. The definition in force in this state is at variance with the instruction. *Hackney v. Raymond Bros. Clarke Co.*, 68 Neb. 624. In a recent case it was said:

" 'Insolvency,' as that term is ordinarily used, is not the same thing as a mere failure to pay debts, but, as applied to an individual or a corporation, it means an insufficient amount of property to pay debts." *Frank v. Stearns, ante,* p. 101.

In the instruction, therefore, the district court departed from both the act of congress and the definition of insolvency in force in this state. The doubtful character of the evidence relating to insolvency and to the intent to cheat and defraud might have resulted in a verdict of not guilty, had proper instructions been given. In passing on the case erroneously submitted the jury in their verdict of guilty made the following recommendation:

"The jury strongly recommend clemency of the court, because of the extenuating conditions existing at the times under which the unlawful acts were, as charged in the indictment, committed."

On the record presented the error in the instruction quoted was clearly prejudicial to defendant, and for that reason the judgment is reversed and the cause remanded for further proceedings.

REVERSED.