STATE OF NEW JERSEY, RESPONDENT, v. ERNEST MICONE, PROSECUTOR.

Argued October 2, 1945—Decided April 22, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Joseph H. Gaudielle* and *James A. Major.*

For the respondent, *William A. Wachenfeld* and *C. William Caruso.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* was allowed to remove to this court, for the purpose of making a motion to quash, an indictment by which the defendant, Ernest Micone, and one Stafford D. Meeker were charged with conspiracy.

The indictment was found by the Essex County grand jury and charges that Meeker and Micone, on a certain date, "did conspire, confederate and agree together to cheat and defraud" certain named persons, "of their moneys, goods and chattels, by means of the said Stafford E. Meeker unlawfully and fraudulently obtaining from the said" persons certain prop-

erty,. "and the said Ernest Micone unlawfully and knowingly receiving the said" property "theretofore unlawfully and fraudulently obtained by the said Stafford D. Meeker" from said persons. Overt acts are then alleged.

The contention of the defendant is that this indictment does not charge a crime in that the defendant is not informed with sufficient particularity of the offense charged against him.

The granting of a motion to quash an indictment is a matter of judicial discretion and is not a matter of right. Courts are always loath to quash indictments except on the plainest ground. *State* v. *Ellenstein,* 121 *N. J. L.* 304; *State* v. *Acton,* 9 *N. J. Mis. R.* 55. "But when the exception is purely technical, in nowise affecting the merits of the controversy, there would seem to be no good reason why the court should exercise its discretionary power in aid of the defendant." *State* v. *Dayton,* 23 *N. J. L.* 49.

The statute makes guilty of a conspiracy any two or more persons who shall combine or conspire to cheat and defraud a person of any property by any means which are in themselves criminal. We are of the opinion that the language of this indictment, above quoted, sufficiently charges the crime of conspiracy and approximates closely enough the language of the statute. In *State* v. *Young et al.,* 37 *N. J. L.* 184, Chief Justice Beasley, speaking for this court, said: "Mr. Bishop, in his second volume on Criminal Law, paragraph 171, says that the English courts now hold, although doubts were entertained in the earlier stage of the inquiry, that the words 'unlawfully, fraudulently, and deceitfully, did conspire, combine, confederate, and agree together to *cheat and defraud*' one 'of his goods and chattels,' contain a sufficient allegation of conspiracy, without the mention of any means intended. The terms used in the present case are of equivalent import, so that, according to the doctrine which I think is thus established, and which seems to me to be well grounded in law, the conspiracy here charged, in this general manner, imports an indictable offense, and as a matter of pleading, is unobjectionable." The indictment in that case alleged conspiracy to defraud and cheat the City of Newark, in its corporate

capacity, without specification of the means by which the cheat was to be accomplished. The indictment was sustained on the ground that "greater particularity is not requisite where a confederation to defraud is charged."

We think the words used in the indictment now challenged are of "equivalent import" to those approved in the Young case and sufficiently state an indictable offense. *Cf. Madden* v. *State,* 57 *N. J. L.* 324.

It is to be noted that, although a bill of particulars cannot be used to validate an insufficient indictment, the defendant may have the benefit of such a bill in the preparation of his defense.

Perceiving no cause for the exercise of the discretionary power to quash, the motion is denied and the *certiorari* is dismissed.