The defendant Thomas D'Auria was indicted with Nicholas Meo and Ralph Vicaro for conspiracy to cheat and defraud; D'Auria's motion to quash the indictment because of its alleged insufficiency was denied, he was convicted after trial, and has served his sentence; and his appeal is on the sole ground that the lower court erred in refusing to quash the indictment.
The indictment alleged that on May 8, 1947, D'Auria, Meo and Vicaro "did conspire, confederate and agree together to cheat and defraud Edward A. Sternberg trading as Liberty Auto Sales of his moneys, by selling to the said Edward A. Sternberg, a certain automobile having theretofore been stolen, taken and carried away from one Joseph H. Dunne." The indictment further alleged that pursuant to the conspiracy, D'Auria and Vicaro made arrangements to deliver to Meo the automobile which had been stolen from Dunne and Meo drove the stolen automobile and offered to sell it to Sternberg. The defendant's contention is that since the indictment did not contain any separate explicit ascertain that D'Auria knew the car had been stolen, the indictment was insufficient and should have been quashed. We consider this contention to be without merit. The charge itself that D'Auria conspired with the others to cheat and defraud Sternberg by selling him a car which had been stolen from Dunne, connoted the required corrupt design and guilty knowledge. Cf. Wood v.State, 47 N.J.L. 461, 464 (Sup. Ct. 1885); O'Bryan v.State, 111 Neb. 733, 197 N.W. 609 (Sup. Ct. 1924). We are satisfied that the indictment returned against them fairly and adequately informed them of the nature of the crime charged and afforded them full opportunity to assert their defenses, *Page 321 
including any alleged lack of guilty knowledge that they were agreeing to sell a stolen car. Further particularization in the indictment, although it might well have been made, was not a legal essential; our courts have heretofore sustained indictments, for confederating to cheat and defraud, of similar generality. See State v. Micone, 134 N.J.L. 177 (Sup. Ct.
1946); Madden v. State, 57 N.J.L. 324, 326 (Sup. Ct. 1894);State v. Young and Stainsby, 37 N.J.L. 184, 187 (Sup. Ct.
1874).
The judgment is affirmed.