### ALLEN v. FOWLER & WELLS CO.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. PLEADINGS—OPENING DEFAULT.
    Default in failing to serve a reply cannot be opened; a copy thereof not being annexed to the motion, and the affidavit not disclosing the nature of the reply.

2. DISCOVERY.
    Discovery and inspection of defendant's books will not be allowed plaintiff; no reason being shown why the same is necessary to enable him to serve his reply, and inspection thereof to enable him to prepare not being allowable till the case is at issue.

Appeal from special term, New York county.

Action by Chilion B. Allen against the Fowler & Wells Company. From an order opening plaintiff's default in failing to serve a reply, and allowing a discovery and inspection of defendant's books, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Samuel Keeler, for appellant.
Chilion B. Allen, in pro. per.

RUMSEY, J. This order must be reversed. It is a well-settled rule that when one, being in default for failure to serve a pleading, moves for leave to open the default, a copy of the pleadings must be annexed to the motion papers. Stern v. Knapp, 52 N. Y. Super. Ct. 14; Powers v. Trenor, 3 Hun, 3. Not only did the plaintiff neglect to serve a copy of his proposed reply, but it is impracticable to ascertain from his affidavit what the nature of that reply is. The motion, therefore, for leave to serve a reply, should have been denied.

From an examination of the counterclaim in the answer, it is not possible to divine any reason why the discovery and inspection of the defendant's books was necessary to enable the plaintiff to serve his reply. If the facts set up in his affidavit entitled the plaintiff to the discovery and inspection at all, it is for the purpose of enabling him to prepare for the trial, and such relief will not be given him for such a purpose until the case is at issue. In the most favorable view that can be taken for the plaintiff, his application was premature. That motion should have also been denied.

The order at special term must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.