(75 App. Div. 534.)

## MAGUIRE v. MAGUIRE.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DIVORCE—OPENING DEFAULT JUDGMENT.

Judgment for plaintiff by default in an action by a husband for divorce on the ground of adultery will not be opened where defendant admits personal service on her of the summons and complaint, and does not deny the charge of adultery therein set forth, except by stating that she has "a good and valid defense," and does not present an affidavit of merits or a proposed answer.

O'Brien, J., dissenting.

Appeal from special term, New York county.

Action for divorce by James Maguire against Nellie Maguire. Judgment for plaintiff by default, and from an order opening the same, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

James A. Douglas, for appellant.

McLAUGHLIN, J. This action was brought to procure a divorce. The summons and complaint were personally served upon the defendant on the 28th of January, 1902. She did not appear in the action, and thereafter judgment was rendered dissolving the marriage contract on the ground of defendant's adultery. Some time after a certified copy of the judgment had been served upon the defendant, she applied for leave to excuse her default and serve an answer. The motion was granted, and the plaintiff has appealed.

We think this order should be reversed. There is nothing in the

moving papers which excuses the defendant's default in appearing, nor does it appear therefrom that she has a valid defense to the action. She does not even present an affidavit of merits or a proposed answer, nor does she even deny the charge of adultery set out in the complaint, except in the statement that she has "a good and valid defense to the action." No excuse was offered for the default, except she says the one who served the papers upon her told her to throw them away, as the plaintiff was "making a bluff," and she says she thereupon "dismissed the matter from my mind, as I was without money, and unable to procure a lawyer or consult with my friends or relatives." It is true, she says she did not understand the nature of the papers served upon her; but the fact is uncontradicted that she is an intelligent person, and can read and write. There is nowhere in the affidavit any statement of merits (Bank v. Gill, 23 Hun, 406), nor is a proposed answer presented. The rule seems to be well settled that when one is in default for failure to serve a pleading, and asks to have the default excused, a copy of the proposed pleading must be annexed to the moving papers. Allen v. Fowler & Wells Co., 45 App. Div. 506, 61 N. Y. Supp. 325. We have, therefore, a case in which a party admits the personal service of the summons and complaint upon her; who does not deny the charge of adultery therein set forth, except, as stated, that she has "a good and valid defense to the action"; who does not present an affidavit of merits or a proposed answer, or any facts from which the court can see that a trial could possibly be to her interest, otherwise than the gratification which it might afford her to subject the plaintiff to annoyance, trouble, and expense. Under such facts, we think her motion should have been denied.

The order appealed from, therefore, must be reversed, and the motion denied, without costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

O'BRIEN, J. (dissenting). I assent to the proposition that the general rule of practice requires that a motion to open the default of a defendant should be based upon an affidavit of merits and service of a proposed answer, and that some satisfactory excuse should be presented to justify the granting of such a motion; and I think, further, that in ordinary actions this rule should be rigidly enforced, even to the extent of requiring that, as a condition precedent to the granting of such a motion, the default should be explained, and that an affidavit of merits and a proposed answer should be served. In an action, however, to dissolve the marital relation, not only the parties, but the public, are concerned, to the extent that this relation should not be needlessly severed. The rule of practice, therefore, with respect to the papers to be used on the motion, should not be too rigidly construed, so as to debar the wife from interposing her defense, if she has any, because of some omission in the motion papers, if this can be supplied. Here the defendant swears she has a defense, and gives a reason more or less plausible for her default; and, although no affidavit of merits or proposed answer was served

with the motion papers, no harm was done, for the reason that the motion was granted conditionally, upon submission with the proposed order opening the default of an affidavit of merits and a proposed answer, and a stipulation waiving alimony pendente lite, and consenting to accept short notice of trial. By these conditions the trouble, delay, and expense to the plaintiff were minimized, and all his rights protected, while at the same time the defendant was given, upon complying with the terms, an opportunity to interpose her defense. I therefore dissent from the conclusion reached by the majority of the court, and think that the order should be affirmed.