went into the trial of other cases, notwithstanding that this case had been held on account of his engagement. At least the defendants should be indemnified so far as possible for the expense that they were put to in the preparation of the trial of the case when it had been regularly called for trial upon the day calendar.

We think, therefore, that the order should be modified by imposing as a condition of the opening of the default that the plaintiff pay a trial fee and $10 term fee and the disbursements incurred by the defendants for witnesses' fees during the term at which the complaint was dismissed, and $10 costs of opening this motion, and the order as thus modified is affirmed, without costs of this appeal.

HATCH, PATTERSON, and O'BRIEN, JJ., concur.

VAN BRUNT, P. J. (dissenting). The rules adopted by this court for the regulation of the business of the trial terms were promulgated, it is to be presumed, for the purpose of being obeyed, and of removing the reproach, which had become a trite expression, "that there is no use in taking a default, because it will always be opened." In the case at bar the defendant was ready and anxious to try his case. He was in court day after day with his witnesses, and the plaintiff substantially refused to go on because it did not suit his convenience. The rules of the Appellate Division were violated in the way in which the case was postponed from day to day, and the instructions even of the trial court were treated with contempt. But of this latter feature, perhaps, we ought not to complain, because it would appear from the subsequent action of the trial justice that such instructions were issued without the slightest expectation of any attention being paid to the same. Notwithstanding these inexcusable circumstances, this court has allowed the default taken to be opened upon the payment of a few dollars in costs. Such leniency and violation of the rules of the court lead to vexatious and unreasonable delays, and tend to make the cost of litigation greater than any possible reward which may be reaped from success. The traditional reproach in respect to the law's delays will never be removed so long as such practice as prevailed in the case at bar is tolerated. I think that the motion to open the default should be denied.

---

(81 App. Div. 576

### SCHUMPP v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. OPENING DEFAULT—MOTION—COPY OF PROPOSED PLEADING.
   On a motion to open a default, a copy of the proposed pleading should be annexed to the motion papers.

Appeal from Special Term, New York County.

Action by John Schumpp, as guardian of John Schumpp, Jr., against the Interurban Street Railway Company. From an order granting defendant's motion to open a default, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

I. Henry Harris, for appellant.

F. Angelo Gaynor, for respondent.

PER CURIAM. This appeal is from an order granting a motion to open defendant's default. We have frequently held, and as late as in the case of Allen v. Fowler & Wells Co., 45 App. Div. 506, 61 N. Y. Supp. 325, that, upon a motion to open a default, a copy of the proposed pleading should be annexed to the motion papers. As such practice was not followed upon the motion here, it follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, but with leave to renew upon sufficient papers.