HENRY MEYER, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Motion by the city of New York to open default in pleading — a copy of the proposed pleading must be served.*

The rule that a motion to open a default in pleading will not be granted unless a copy of the proposed pleading is served with the motion papers, is applicable to the city of New York as well as to other litigants.

APPEAL by the plaintiff, Henry Meyer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1902, vacating and setting aside a judgment theretofore entered upon defendant's default, and permitting the defendant to answer.

*Louis Manheim,* for the appellant.

*Theodore Connoly,* for the respondent.

INGRAHAM, J. :

The action appears to have been commenced in December, 1901, and the defendant failed to answer or demur. Judgment was entered by default on January 15, 1902, and execution was issued on the 21st day of April, 1902. On June 10, 1902, the defendant obtained an order requiring the plaintiff to show cause why the judgment should not be vacated upon an affidavit of an assistant to the corporation counsel stating that the judgment was entered by an inadvertence and an affidavit of the deputy comptroller stating that he is informed and believes that there is a good and substantial defense on the merits to the cause of action set forth in the complaint; but there is no statement of the defense to be alleged in the answer, and no copy of the proposed answer is made a part of the motion papers. The Special Term vacated the judgment upon the payment to the plaintiff of the amount of the costs to date, and upon the payment to the sheriff of his fees under the execution, and allowing the defendant to serve an answer within twenty days after the entry of the order.

We have uniformly held that a motion to open a default upon the pleadings will not be granted unless a copy of the proposed pleadings is served with the motion papers; and there is no reason why this rule should not be applied to the city of New York as

well as to other litigants. Before a default should be opened it must appear that there is a substantial issue to be tried; and it is quite essential in determining that question that the pleadings proposed by the party in default should be before the court. In this case the judgment was entered almost five months before the motion was made, and there is no suggestion but that the defendant had ample time to prepare the proposed answer and serve it with the motion papers. For this reason we think the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to renew the motion on payment of such costs.

Van Brunt, P. J., McLaughlin, Hatch and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to renew the motion on payment of such costs.