(87 App. Div. 275.)

AMERICAN AUDIT CO. v. INDUSTRIAL FEDERATION OF AMERICA.

(Supreme Court, Appellate Division, First Department.  November 6, 1903.)

1. JUDGMENTS—ORDERS—ENTRY—RECITAL OF PAPERS FILED—RESETTLEMENT.
    Defendant, on an order to show cause, moved to vacate an attachment on affidavits filed.  On hearing of the motion an order was entered not reciting the filing of any papers, but stating that "the plaintiff appearing, and by way of preliminary objection making it known to the court that the above-entitled action had been discontinued before the appearance
    84 N.Y.S.—24

of the defendant by order entered herein," and that on motion of plaintiff's attorney the discontinuance was declared to effect vacation of the attachment. *Held*, that defendant was entitled to have the papers on which the motion was made recited in the order under general rule of practice No. 3, providing that, when any order is entered, all the papers used or read on the motion on either side shall be specified in the order, and shall be filed with the clerk, unless already on file, or otherwise ordered by the court, or the order may be set aside as irregular.

Appeal from Special Term.

Action by the American Audit Company against the Industrial Federation of America. From an order denying defendant's motion to resettle an order vacating an attachment, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. M. Berkeley, for appellant.

James J. Allen, for respondent.

INGRAHAM, J. At the commencement of this action a warrant of attachment was obtained and issued. Subsequently the defendant appeared, and moved to vacate such attachment. This motion was made upon an order to show cause and the affidavits of the defendant's secretary and the defendant's attorney. When that motion came on to be heard, counsel for the plaintiff stated in open court that the action had been discontinued before the appearance of the defendant, whereupon an order was entered, without reciting the filing of any papers, but reciting that "the plaintiff appearing, and by way of preliminary objection making it known to the court that the above-entitled action had been discontinued before the appearance of the defendant by order entered herein on the 23d day of March, 1903," upon motion of the attorney for the plaintiff, ordered, that the effect of the said order of discontinuance be declared to be that the said attachment is vacated and annulled. That order having been entered, the defendant moved upon notice for a resettlement thereof, based upon an affidavit of the plaintiff's attorney stating that the original motion to vacate the attachment was made upon an order to show cause and two affidavits; that the motion was argued at Special Term, and, after the defendant's counsel had concluded the argument, the plaintiff stated that the action had been discontinued ex parte on March 23, 1903, and thereupon the defendant's counsel requested the court to grant the motion; that, after some discussion, a memorandum was indorsed upon the papers: "Motion granted. No costs. Settle order on notice." Subsequently the court entered an order which declared the effect of an order of discontinuance upon defendant's motion to vacate the attachment.

The defendant was entitled to have the papers upon which the motion was made recited in the order. Rule 3 of the general rules of practice provides that, when any order is entered, all the papers used or read on the motion on either side shall be specified in the order, and shall be filed with the clerk, unless already on file, or otherwise ordered by the court, or the order may be set aside as irregular. If it had appeared that the action had been discontinued before the defendant had appeared, such a discontinuance would, in effect, vacate

the attachment, and the defendant whose property was subject to a levy under the attachment was entitled to have a formal order entered vacating it. Corn Exchange Bank v. Bossio, 8 App. Div. 306, 40 N. Y. Supp. 994. He made a motion to have the attachment vacated, and upon that motion an order was made. He was entitled to have the motion papers recited in the order.

The order denying motion to resettle order is reversed, and the case sent back to the justice to resettle order by reciting papers upon which the application to him was made, with $10 costs and disbursements of this appeal to the appellant. All concur.