REID v. JACKSON'S BAGGAGE EXPRESS.

(Supreme Court, Appellate Term. December 12, 1907.)

JUDGMENT—BY DEAFULT—OPENING DEFAULT—REQUISITES OF AFFIDAVIT ON MOTION.

Where defendant moves to open a default, his motion papers must contain a copy of the proposed answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 317, 318.]

Appeal from City Court of New York, Special Term.

Action by Mary Parker Reid against Jackson's Baggage Express. From an order granting defendant's motion to open a default, plaintiff appeals. Reversed, and motion denied, without prejudice.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Gustav Goodman, for appellant.
Dana Wallace, for respondent.

PER CURIAM. Plaintiff sued defendant for the loss of two trunks, for which she claimed $2,000. Defendant allowed its time to answer to expire, and a judgment by default was entered against defendant on the claim. Defendant moved to open the default, which motion was granted, on payment of $10 costs and disbursements. From the order granting the motion plaintiff appeals.

The motion papers are defective, in that they fail to contain a copy of the proposed answer. Schumpp v. Int. St. Ry. Co., 81 App. Div. 576–577, 81 N. Y. Supp. 366; Meyer v. City of New York, 80 App. Div. 584, 80 N. Y. Supp. 774; Allen v. Fowler, 45 App. Div. 506, 61 N. Y. Supp. 325.

The order is reversed, with $10 costs and disbursements, and the motion is denied, with $10 costs, but without prejudice to a new motion in the court below.