(61 Misc. Rep. 224.)

## TUSKA v. JARVIS.

(Supreme Court, Appellate Term.　December 9, 1908.)

1. APPEAL AND ERROR (§ 982*)—REVIEW—RESETTLEMENT OF ORDER—DISCRETION.
    While an appellate court has no control over the exercise of a trial court's discretion in denying a motion for resettlement of a prior order, the order denying resettlement may be reviewed, if it fails to recite all the papers used or read on the motion.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 982.*]

2. JUDGMENT (§ 161*)—DEFAULT—VACATION.
    An order vacating a judgment by default and granting leave to answer is unsustainable, where a copy of the proposed answer was not annexed to the motion papers.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 317; Dec. Dig. § 161.*]

3. JUDGMENT (§ 108*)—DEFAULT—FAILURE TO ANSWER—STAY.
    Since an order staying all further proceedings until the hearing and determination of a motion for bill of particulars operated only until the entry of the order determining such motion, plaintiff, without serving notice of entry of the order denying the application, which order contained no further stay, nor direction for service of notice, was entitled to proceed at once to enter judgment by default.
    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 108.*]

Appeal from City Court of New York, Trial Term.

Action by Benjamin Tuska against Robert M. Jarvis. From an order granting defendant's motion to open his default with leave to answer, and from an order denying plaintiff's motion for a resettlement of the order, he appeals. Order vacating judgment and granting leave to answer reversed, and judgment reinstated, with leave to renew motion to vacate. Appeal from order denying resettlement dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Carl S. Stern, for appellant.
Washington E. Page, for respondent.

MacLEAN, J. The plaintiff appeals from two orders herein—one, of May 18, 1908, opening, vacating, and setting aside, without terms, a default judgment entered by the plaintiff on May 15, 1908, and granting the defendant leave to answer; and the other, of May 25, 1908, denying plaintiff's motion for a resettlement of the earlier order.

While it is true, "whether a court shall modify or change an order already made by it is a question addressed to its discretion, and over its exercise an appellate court has no control" (Place v. Hayward, 100 N. Y. 626, 3 N. E. 199), it is also true that an appellate court has control when the order moved to be resettled fails to recite all papers used or read upon the application (American Audit Co. v. Industrial Federation, 87 App. Div. 275, 84 N. Y. Supp. 369). The determination, stated later herein, of the appeal from the order vacating the judgment and granting leave to defendant to answer, makes unnecessary more than a pro forma dismissal of the appeal from the order denying resettlement, and as omissions or misstatement, if any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there were, affected no substantial right, the appeal from the order denying resettlement will be dismissed.

The order vacating the judgment and granting leave to answer must be reversed, because, if it be regarded as an order opening a default and granting leave to plead, a copy of the proposed pleading was not annexed to the motion papers (Schumpp v. Interurban Street Ry. Co., 81 App. Div. 576, 81 N. Y. Supp. 366); or, if it be regarded as an order extending time to answer, for such was in effect the short notice of motion, and the vacation of an irregular or erroneous judgment under the application for "such other and further relief," because the judgment, though it might be termed a snap judgment, was, so far as the record discloses, neither irregular nor erroneous. While all further proceedings herein had been stayed by an order of May 11, 1908, requiring the plaintiff to show cause why the defendant herein should not be furnished with a bill of particulars, that order stayed all further proceedings only "until the hearing and determination of this motion," and the only mode of judicially determining that motion was by an entry of an order of determination. Smith v. Spalding, 30 How. Prac. 339, 342. The plaintiff was under stay until the entry of such order, and entering his judgment thereafter, notwithstanding he had served no notice of entry of the order, he was within his right, because the order denying the application for a bill of particulars contained no further stay, not even direction for the service of notice, which notice would be effectual in limiting the time to appeal therefrom, but not the right to enter judgment on default.

The order vacating the judgment and granting leave to answer is reversed, with $10 costs and disbursements, the judgment reinstated, and the motion denied, with $10 costs, but with leave to renew upon proper and sufficient papers.

The appeal from the order denying resettlement is dismissed, without costs or disbursements. All concur.