ROSALINE MANDEL, an Infant, by HARRY MANDEL, Her Guardian ad Litem, Plaintiff, *v.* HUGH F. DONOHUE, Defendant.

Supreme Court, New York Special Term, March 19, 1925.

Judgments — opening default — motion to open plaintiff's default on trial and to vacate judgment dismissing complaint denied in absence of facts to warrant restoration of cause to calendar — failure of counsel to appear with client and witnesses — party in default must establish meritorious cause of action or defense.

A motion to open plaintiff's default on trial and to vacate a judgment dismissing the complaint should be denied, in the absence of meritorious facts warranting the restoration of the cause to the trial calendar, particularly where counsel did not appear in court until a jury had been impaneled and neither his client nor his witnesses were in attendance.

The rule is firmly established that, unless the party against whom the default is taken presents by affidavit facts establishing either a meritorious cause of action or defense, the relief will be denied.

MOTION to open plaintiff's default on trial, and to set aside and vacate judgment dismissing complaint.

*Oswald N. Jacoby*, for the plaintiff.

*Down & Heffernan* [*Edward A. Heffernan* of counsel], for the defendant.

ERLANGER, J.:

Defaults, whether in pleading or in failing to appear in the various trial parts, are no longer opened as a matter of course. The rule is now firmly established that, unless the party against whom the default is taken presents by affidavit facts establishing either a meritorious cause of action or defense, the relief will be denied. The appellate court has also held that a mere affidavit of merits is not sufficient. (*Fitzgerald Mfg. Co.* v. *Alexander*, 200 App. Div. 164; *Titus* v. *Halsted*, 209 id. 66.) These authorities are evidently unknown to many. The trial justice, as was suggested

by counsel, was consulted by me, and he stated the facts substantially as they are alleged in the opposing papers.

It is common knowledge that trial counsel remain in their office, waiting to be called by some clerk, and later, after arriving at court, discover that their complaints have been dismissed or inquests taken. This is what happened in the instant case. When counsel finally arrived, he found a jury in the box; but he had neither client nor witnesses present. An examination of the moving papers fails to disclose meritorious facts justifying the restoration of the cause to the calendar under the authorities cited. The lesson to be drawn from them is not to keep the courts waiting counsel's convenience, but to be on hand promptly with witnesses, ready to try the cause, whether it be the first on the calendar or lower down. It frequently happens that the twentieth case on the calendar may be the first.

I am constrained in the circumstances to deny the motion.