CROUSE GROCERY COMPANY, Plaintiff, *v.* ANTHONY VALENTINE and Another, Defendants.

Supreme Court, Onondaga County, February 6, 1928.

Judgments — default — application to open default under Civil Practice Act, § 108 — relief lies in discretion of court — papers presented did not show meritorious defense — proposed answer not served with papers — default will not be opened.

An application by the defendant to open a default after judgment is entered, his application being made under section 108 of the Civil Practice Act authorizing the court in its discretion to open a default and permit the defendant to plead, will be granted only in the sound discretion of the court and only where the defendant shows that he has a meritorious defense and presents with his papers a proposed answer.

In this case the defendant has supplied a technical affidavit of merits and an affidavit by his attorney in neither of which does he show facts from which the court can determine that he has a meritorious defense to the cause of action. Furthermore, the failure of the defendant to present a proposed answer on the motion is fatal to his application.

MOTION by defendant Valentine to open default and for leave to interpose an answer.

*Thurlow W. Southwick*, for the motion.

*Leonard T. Haight*, opposed.

EDGCOMB, J. The summons and complaint herein were served on the defendant Valentine December 24, 1927. He failed to appear, and judgment was entered against him by default on January 17, 1928. · He now asks to open his default and to interpose an answer and come in and defend.

Section 108 of the Civil Practice Act provides that the court, in its discretion, and upon such terms as justice may require, may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect.

Such relief does not follow as a matter of right; it rests in the sound discretion of the court. That discretion will not be exercised, even if the moving party has excused his laches, unless the moving party shows that he has a good defense on the merits to the cause

of action. An affidavit of merits alone is not sufficient. Facts establishing a meritorious defense must be shown before a default will be opened. (*Fitzgerald Mfg. Co.* v. *Alexander*, 200 App. Div. 164; *Titus* v. *Halsted*, 209 id. 66; *Mandel* v. *Donohue*, 124 Misc. 861.)

The movant has failed to allege any facts disclosing a meritorious defense. He contents himself with the mere statement that he is informed by his attorney that he has a good defense. What it is he does not tell us; whether it goes to the merits, or is a technical one, we are not informed. No proposed answer is presented. He does not say that he believes his attorney's information to be true. On what his informant based his advice is left to conjecture. Whether the defendant told his attorney the facts concerning the transaction we can only guess. Defendant's attorney makes an affidavit, in which he states that the movant informed him that he had never ordered from the plaintiff the groceries, to recover the purchase price of which this action is brought, and had never agreed to pay for any such merchandise, and then swears positively that the defendant never ordered the groceries in question, nor agreed to pay for them, nor guaranteed any account which the plaintiff had against the other defendant. The attorney's positive averments cannot be considered here, because, concededly, he is not in a position to know that the statements which he so willingly makes are true.

It may be that his attorney did advise the movant that he had a good defense. That did not make it so. Quite possibly the defendant did inform his counsel that he never ordered or agreed to pay for the groceries in question. The making of such a statement is no proof that the facts thus related are true. Defendant's failure to allege the truth of such assertion is rather significant. Defaults are not opened on averments by an attorney of what his client told him, unless the client is willing to add his sworn statement to the effect that the information thus imparted is true. The moving affidavits are fatally defective.

Another fatal objection to defendant's motion is the fact that he has presented no proposed answer. Where one moves to open his default and for leave to serve an answer, he must attach to his moving papers his proposd pleading, so that the court may readily ascertain what the proposed defense is, and whether it is sufficient to warrant the relief sought. (*MacEvoy* v. *Tide Water Oil Co.*, 165 App. Div. 954; *Schumpp* v. *Interurban St. R. Co.*, 81 id. 576; *Maguire* v. *Maguire*, 75 id. 534; *Allen* v. *Fowler & Wells Co.*, 45 id. 506; *Richardson* v. *Sun Printing & Publishing Assn.*, 20 id. 329; *Powers* v. *Trenor*, 3 Hun, 3; *Tuska* v. *Jarvis*, 61 Misc. 224.)

Motion denied, with ten dollars costs.