JOSEPH J. LUNGHINO, Plaintiff, *v.* THE MARINE TRUST COMPANY OF BUFFALO and Others, Defendants.

Supreme Court, Erie County, April 7, 1937.

*Joseph J. Lunghino,* plaintiff in person, for the motion.

*John J. Bennett, Jr., Attorney-General [Martin Conboy, Assistant Attorney-General,* of counsel], for the defendants Joseph A. Broderick, George W. Egbert, Earl J. Bangert and C. George Niebank.

*Kenefick, Cooke, Mitchell, Bass & Letchworth [James McC. Mitchell* and *William L. Morey* of counsel], for all other defendants, opposed.

NORTON, J. This action for malicious prosecution was commenced May 11, 1933. On June 10, 1935, an amended complaint was served, and the case was noticed for trial and placed on the calendar for the September, 1935, term. October 30, 1936, it was on motion of defendants placed on the ready cause calendar, and on November 5, 1936, when called at calendar call it was duly and regularly moved for trial by defendants and assigned to a trial part, and upon plaintiff's failure to appear and proceed with the trial the complaint was dismissed and judgment entered to that effect, with costs.

Upon this motion plaintiff seeks an order vacating such judgment, opening such default and restoring the case to the calendar for trial.

That plaintiff's default should, upon his making a proper case therefor, be excused and he be given the opportunity to present his case to a trial court, needs no argument. The law is too well settled to that effect. But a proper case, for vacating the judgment and opening plaintiff's default, requires that plaintiff establish that he has a meritorious cause of action against the defendant.

Upon the argument of the motion, it clearly appeared that plaintiff had and could have, upon the facts, no cause of action

against the defendants Joseph A. Broderick, George W. Egbert, Earl J. Bangert and C. George Niebank, so that as to them, at the close of the oral argument, the motion was denied.

The plaintiff for his cause of action herein alleges, in his amended complaint, in substance, that the defendants maliciously " and without reasonable or probable cause therefor " caused plaintiff to be charged with committing the crime of grand larceny, by stealing money from the Commercial Trust Company of Buffalo, upon which charge a warrant was issued and plaintiff arrested and imprisoned thereon; and that thereafter and on April 21, 1931, defendants " falsely and maliciously and without any reasonable or probable cause " procured the grand jury of Erie county to indict plaintiff in five indictments, each indictment charging plaintiff with grand larceny, one such indictment charging that plaintiff had illegally and fraudulently drawn an unauthorized sight draft for the sum of $13,000 on one Frank X. Scherer, payable to the Commercial Trust Company, and that plaintiff by means thereof took and stole the said amount of $13,000 from the Commercial Trust Company and feloniously stole and used the same. Another such indictment charged that plaintiff had illegally and fraudulently drawn an unauthorized sight draft for the sum of $3,250 on one Charles R. Borzilleri, payable to the Commercial Trust Company, and that plaintiff by means thereof took and stole the said amount of $3,250 from the Commercial Trust Company and feloniously stole and used the same; another such indictment charged that plaintiff had illegally and fraudulently drawn an unauthorized sight draft for the sum of $12,800 on one Michael J. Montesano, payable to the Commercial Trust Company and that plaintiff by means thereof took and stole the said amount of $12,800 from the Commercial Trust Company and feloniously stole and used the same; another such indictment charged that plaintiff had illegally and fraudulently drawn an unauthorized sight draft on one Frank G. Raichle for the sum of $10,000 payable to the Commercial Trust Company, and that plaintiff by means thereof took and stole the said amount of $10,000 from the Commercial Trust Company and feloniously stole and used the same. Another such indictment charged that plaintiff had illegally and fraudulently drawn an unauthorized sight draft on one Samuel J. Dark for the sum of $12,800 payable to the Commercial Trust Company and that plaintiff by means thereof took and stole the said amount of $12,800 from the Commercial Trust Company and feloniously stole and used the same.

Plaintiff further alleges that on May 6, 1931, he was tried before a jury upon the indictment based on the Dark draft, and was

acquitted by the verdict of the jury, and thereafter on motion of the district attorney, the indictments based on the Scherer, Borzilleri, Montesano and Raichle drafts were dismissed and such prosecutions terminated.

If the relief plaintiff is seeking herein is to be granted he must not only excuse his default but he must also prove by the facts presented and established on the motion that he has a meritorious cause of action. (*Dewey* v. *Morris*, 108 Misc. 407; *Rothschild* v. *Haviland*, 172 App. Div. 562; *Titus* v. *Halstead*, 209 id. 66; *Fitzgerald Mfg. Co.* v. *Alexander*, 200 id. 164; *Manzo* v. *Ajello*, 216 id. 733; *Blasser* v. *Morrisania Milk Co.*, 243 id. 281; *Mandel* v. *Donohue*, 124 Misc. 861; *De Marco* v. *McConnell*, 146 id. 9.)

Plaintiff was arrested, indicted and prosecuted for the crime of grand larceny on the charges that by means of false, fraudulent and unauthorized sight drafts he stole the amounts of such drafts from the bank of which he was, at the time of such alleged thefts, the president. There is no question about the arrest, indictments prosecution, trial, acquittal and dismissal of the indictments upon which plaintiff was not tried.

That the defendants, other than Broderick, Egbert, Bangert and Niebank, were either all or some of them chargeable with initiating the prosecution, is at least an issuable fact, and for the purposes of this motion, may be accepted as being sufficiently established to warrant the trial of that issue.

There is and can be no cause of action for malicious prosecution unless the prosecution was without probable cause. (*Burt* v. *Smith*, 181 N. Y. 5; *Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 id. 296; *Graham* v. *Buffalo General Laundries Corp.*, 261 id. 165; *Levy* v. *Chasnoff*, 245 App. Div. 607; *Thompson* v. *Fifth Ave. Bank*, 247 id. 392.)

The law is stated in *Burt* v. *Smith* (*supra*, at p. 6) to be as follows: " If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved."

The court in *Levy* v. *Chasnoff* (*supra*, at p. 609) says: " The law is elementary that the finding of an indictment itself presumes the existence of probable cause, and unless the plaintiff meets the *prima facie* evidence of probable cause by showing that the defendant did not make a full and complete statement of facts to the grand jury or district attorney, and has misrepresented or falsified the evidence, or withheld information of facts which might have affected the result, the presumption is not overcome."

The Court of Appeals in *Hopkinson* v. *Lehigh Valley R. R. Co.* (*supra*, at pp. 300, 301) uses language in iterating the law that applies

to the instant case with peculiar force, viz.: " If a person disclose fairly and truthfully to an officer whose duty it is to prosecute crime, all matters within his knowledge, which as a man of ordinary intelligence he is bound to suppose would have a material bearing upon the question of the innocence or guilt of the persons suspected, and leaves it to the prosecutor to act entirely upon his own judgment and responsibility as a public officer, and does no more, he cannot be held answerable in an action for malicious prosecution, even if the officer comes to a wrong conclusion and prosecutes when he ought not to do so. Such a person does no more than his duty."

In the leading case of *Burt* v. *Smith* (*supra*, at p. 5) the law was summed up as follows: " The want of probable cause does not mean the want of any cause, but the want of any reasonable cause, such as would persuade a man of ordinary care and prudence to believe in the truth of the charge. Probable cause does not necessarily depend upon the actual guilt of the person prosecuted, but may rest upon the prosecutor's belief in his guilt when based on reasonable grounds. * * * If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved. Thus an innocent person may be prosecuted unjustly and subjected to expense and disgrace with no right to call the prosecutor to account, provided he acted upon an honest and reasonable belief in commencing the proceeding complained of. Peace and good order exact this hardship from the individual for the benefit of the people at large, so that citizens may not be prevented by the fear of consequences from attempting to assert their own rights or to vindicate the cause of public justice by an appeal to the courts."

The Commercial Trust Company, a bank of which plaintiff was then president and of which he owned the greater part of its capital stock, had got into such serious financial difficulties in January, 1931, that the State Banking Department was considering closing it. A conference was held of representatives of the Banking Department, plaintiff, the directors of the Commercial Trust Company, the defendant George F. Rand, acting for the defendant The Marine Trust Company, and others, which resulted in the defendant The Marine Trust Company buying the assets of the Commercial Trust Company and assuming its obligations to depositors, the transfer occurring January 22, 1931. Among the assets of the Commercial Trust Company such purchaser found the said five sight drafts upon which the aforesaid indictments were based, none having been accepted by the named drawee. Upon the discovery of such five unaccepted sight drafts, the defendant The Marine Trust Company caused each of such sight drafts to be

duly presented, each to the respective drawee therein named, who, in each instance, refused to pay it. In each instance the respective drawee stated that he never authorized the sight draft to be drawn on him, nor agreed to pay it or any part of it and wholly repudiated such sight draft and any and all indebtedness or obligation, past or present, by reason thereof. And four of such drawees, viz., Frank X. Scherer, Charles R. Borzilleri, Michael J. Montesano and Samuel J. Dark, each signed and swore to an affidavit to such effect. Each such sight draft had been on its date deposited by plaintiff with the Commercial Trust Company and funds of the Commercial Trust Company in the amount thereof credited to plaintiff's account, and later by him withdrawn from the Commercial Trust Company and used for his own purposes. Such affidavits were thereafter delivered to the Attorney-General, he being counsel for the State Banking Department. The Attorney-General, in the performance of his duty, delivered such affidavits to the district attorney of Erie county who thereafter presented the matters to a grand jury of Erie county before whom the four affiants, Frank X. Scherer, Charles R. Borzilleri, Michael J. Montesano and Samuel J. Dark, and said Frank G. Raichle appeared and testified and upon whose testimony, in part, the grand jury found the said indictments.

As before stated, plaintiff was tried upon the so-called Dark indictment and acquitted by the verdict of the trial jury. Upon such trial Scherer, Borzilleri, Montesano and Dark were sworn by the prosecution and each in substance definitely and without qualification testified that he never authorized said sight draft in which he was named as drawee, never agreed to accept or pay the same; that he did not owe the amount thereof nor any part of it to plaintiff nor any one else, and was in no wise obligated thereon.

It further appears from the stenographer's minutes of the trial of plaintiff and the case on appeal in the civil action for conspiracy brought by this plaintiff against these defendants, that said four affiants and Frank G. Raichle are reputable business and professional men of the city of Buffalo, Raichle being plaintiff's attorney in certain of the transactions referred to in the moving papers and in the criminal and civil actions aforesaid.

Plaintiff himself vouched for the credibility of both Montesano and Borzilleri by making them his character witnesses upon such criminal trial.

In said civil action the Appellate Division in this Department has characterized plaintiff's acts in drawing the aforesaid five sight drafts and directing the amounts thereof to be entered as a credit to his personal account in the trust company, and not to present such drafts to the drawees, in the following language: " Again it

appeared that plaintiff had caused sight drafts to be drawn against certain individuals in the total amount of $109,450 (which includes the five drafts on which the indictments were found, they aggregating $51,850) for the purchase of the share corporation stock; that he directed the amount of these drafts to be immediately entered as credits to his personal account in the trust company, and that by his further direction, the drafts were held, and not presented to the persons upon whom they were drawn. These transactions * * * effected the taking of the funds of the trust company without shadow of right or authority." (See *Lunghino* v. *Rand*, 247 App. Div. 481, 485, 486.)

Plaintiff in his moving affidavit on this motion, on pages 44, 47, 49 and 51, purporting to state the substance of the testimony of said Frank X. Scherer, Charles R. Borzilleri, Michael J. Montesano and Samuel J. Dark, as given by them upon his criminal trial, garbles and misstates the same and omits essential and material parts thereof.

The Court of Appeals in *Burns* v. *Wilkinson* (228 N. Y. 113, 117) said: " If the facts are undisputed and permit of no divergent inferences the question of probable cause is for the court."

In the instant case the facts are undisputed and permit as the only inference to be drawn therefrom that there was probable cause for the prosecution of plaintiff, and, therefore, whosoever may be responsible therefor is not liable in damages to plaintiff for such prosecution. Upon all that has been presented on this motion I am satisfied that plaintiff has not a meritorious cause of action against any of the defendants.

The plaintiff's motion should be and it is denied, with costs.