ISIDORE RUBIN, Appellant, v. JOSEPH PALANKER, Doing Business as JOSEPH PALANKER & SONS, et al., Respondents.— Judgment affirmed, without costs of this appeal to any party. All concur. (Appeal from a judgment in favor of defendant Berger Properties, Inc., on a nonsuit, and in favor of defendant Palanker on a verdict of no cause of action, in a negligence action.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

■

JULIUS RUCKER, Respondent, v. MAX KRIEGER, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in a malicious prosecution action. The order denied a motion for a new trial.) Present — Vaughan, J. P., Kimball, Wheeler and Van Duser, JJ.

■

GEORGE H. HAKE, SR., Appellant, v. GEORGE KISSAK et al., Respondents.— Judgment and orders affirmed, with costs. All concur. (Appeal from a judgment dismissing the complaint and dissolving the injunction order in an action to rescind an assignment and for an injunction. The orders appealed from cancelled the injunction order and amended findings of fact and conclusions of law.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [See 285 App. Div. 853.]

■

HARRY T. SEEHASE, Respondent, v. HELEN K. WEBSTER, Appellant.— Order reversed on the law and facts, with $10 costs and disbursements, and motion denied, with $10 costs. Memorandum: We do not feel that adequate reasons or excuses were given to justify the delay and the opening of the default in this matter. If rules of practice mean anything, they should be observed. The opinion of the late Supreme Court Justice ROBERT H. JACKSON, in *Knickerbocker Print. Corp.* v. *United States* (N. Y. L. J., Sept. 10, 1954, p. 1, col. 1) is particularly applicable here. It reads as follows: "When more business becomes concentrated in one firm than it can handle, it has two obvious remedies: to put on more legal help, or let some of the business go to offices which have time to attend to it. I doubt if any court should be a party to encouraging the accumulation of more business in one law office than it can attend to in due time." All concur. (Appeal from an order granting plaintiff's motion to open his default and restore the action to the trial calendar.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ. [See 285 App. Div. 859.]