INDUSTRIAL BANK OF SCHENECTADY, Respondent, v. WALTER JACK, Defendant, and MATTHEW J. MADERIC, Appellant.— Appeals from orders of Schenectady County Court, (1) denying defendant-appellant's motion to vacate a default judgment and (2) denying his motion to resettle the order which denied the motion to vacate the default judgment. This action was commenced by the plaintiff as assignee of a conditional sales contract to recover the balance owing from the defendant Jack and the defendant-appellant Maderic both of whom signed the contract on lines under which was printed "Buyer sign here". The plaintiff took judgment against the defendant Jack and continued its action against the defendant-appellant. (Civ. Prac. Act, § 112-a.) On November 16, 1953, the plaintiff served a note of issue placing this action upon the calendar for a trial term opening on December 7, 1953. This action was placed upon the day calendar a day or two later. At calendar call on December 14, 1953, the defendant-appellant's attorney appeared and unsuccessfully attempted to have the case removed to the reserve list. However, he did discuss with the County Judge the necessity of arguing motions concerning the action and left with the impression that he could make such motions returnable the following week. On December 16th, in the absence of the attorney for the defendant-appellant, the action, then being tenth on the ready calendar, was moved for trial and a default judgment taken by the plaintiff-respondent. It appears to us that the failure of the attorney for the defendant-appellant to answer calendar call on the 16th was neither deliberate nor intentional but due to a misunderstanding on his part. In order to obtain relief, a defendant moving to set aside a default, in addition to showing inadvertence, must show a meritorious defense. The defendant-appellant's motion to vacate the default judgment was based upon his verified answer and the affidavit of his attorney. After the argument of the motion, three additional affidavits in support of the motion were presented to the County Judge but copies were not served upon the attorney for the plaintiff-respondent. The County Judge, apparently without considering the latter three affidavits, concluded that a meritorious defense had not been shown and denied the motion. Although the answer does not allege some of the defenses which the defendant-appellant now claims he has, we believe that the answer and the affidavit of his attorney do indicate the existence of one or more meritorious defenses which the defendant-appellant ought to be given an opportunity to present at a hearing or trial. Under the circumstances and in the interests of justice, the order denying the motion to vacate the default judgment is reversed, without costs, and the motion granted, without costs. The defendant-appellant moved to resettle the order denying his motion to vacate the default judgment to include a recital that the three affidavits submitted after the argument of the motion were considered by the County Judge. The order denying this motion was properly made and it is affirmed, with $10 costs to the plaintiff-respondent. The plaintiff-respondent's motion addressed to this court for an order directing the correction of the papers on appeal is granted, insofar as it seeks the addition of certain words to the conditional sales contract and the inclusion of the judgment roll and the order on which it was entered. The papers on appeal have been viewed as containing the addition and as including the copies of the judgment roll and order which were furnished us. The motion, insofar as it seeks to have three affidavits stricken from the papers on appeal, is denied. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See 285 App. Div. 844.]