■

HARRY T. SEEHASE, Respondent, v. HELEN K. WEBSTER, Appellant.— On reargument, order of Special Term reversed on the law and facts, with $10 costs and disbursements, and motion denied, with $10 costs. (See memorandum filed in Seehase v. Webster, 284 App. Div. 1028.) All concur. (Reargument of appeal from an order of Erie Special Term, granting plaintiff's motion to open his default and restore the action to the trial calendar.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

■

ANTHONY F. VITETTA, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31017.) — Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims, dismissing a claim against the State for damages for personal injuries alleged to have been sustained by claimant by reason of negligent maintenance of State highway intersection.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

■

FRANK GUGLIANO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31549.) — Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim against the State for damages for personal injuries alleged to have been sustained by claimant by reason of negligent maintenance of State highway intersection.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

■

CLYDE FORD, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31551.) — Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim against the State for damages for personal injuries alleged to have been sustained by reason of negligent maintenance of State highway intersection.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD NOWICKI, Appellant.— Judgment of conviction modified, on the law, in accordance with the memorandum and, as modified, affirmed. Memorandum: We find that the evidence is ample to sustain the verdict of guilty of assault in the second degree under both counts of the indictment. The court sentenced the defendant under both counts of the indictment. There was only one crime charged. There was only one transaction. The defendant could be sentenced upon one count only. The fact that he was found guilty of the crime charged, committed in two different ways, does not permit of two separate sentences. He may be punished for only one crime. (Penal Law, § 1938; People v. Goggin, 256 App. Div. 995, affd. 281 N. Y. 611; People ex rel. Thornwell v. Heacox, 231 App. Div. 617; People v. Pauley, 281 App. Div. 223.) The judgment of conviction should be modified to read: " for the term of not less than two years and six months and not more than ten years, on the first count of the indictment, as a second offender." As so modified, the judgment of conviction should be affirmed. All concur. (Appeal from a judgment of Erie County Court, convicting defendant of the crime of assault, second degree, on two counts.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.