Ryan, P. J.
These claims are not related to each other except as the groupings under the motion numbers hereinabove assigned indicate. Each motion is an application to restore the claim, or the group of claims, designated to the trial calendar. Because the motions have a common denominator we discuss them in a single memorandum.
Each claim was dismissed at the opening of the September, 1955, Albany Term of this court “ for lack of prosecution ”. Actually the dismissal was a matter of calendar practice under rule 7 of the Rules of the Court of Claims there being a failure, in each instance, and on behalf of each claimant, of representation at the calendar call. Each claim had appeared upon the calendar for three or more times prior to the September, 1955, Term.
Obviously if court business is to be despatched court calendars must be kept up to date. It seems likewise obvious, at least to this writer, that if counsel believes he has a meritorious cause of action he will be diligent in answering calendar calls and will avail himself of the earliest opportunity to present his case unless there is good reason to ask for a continuance. When he does neither the impression created is not favorable.
By the same token, an application to restore to the calendar, being addressed to the discretion of the court, should not only present a good excuse for the default in appearance (Luckenbach S. S. Co. v. Musso, 258 App. Div. 914; Kurtz v. Wilder, *848 284 App. Div. 1051), but must satisfy the requirement that there is a meritorious cause of action. (Lunghino v. Marine Trust Co., 163 Misc. 765, affd. 254 App. Div. 924; Industrial Bank of Schenectady v. Jack, 284 App. Div. 1083; La Vin v. La Vin, 279 App. Div. 873.)
In none of the five applications herein considered do we find a satisfactory affidavit of merits. (Rothschild v. Haviland, 172 App. Div. 562; Fitzgerald Mfg. Co. v. Alexander, 200 App. Div. 164; Calagna v. Green, 281 App. Div. 1033.) In none is a really good excuse tendered. Two of the attorneys of record assert that they had engaged other counsel to represent them upon the calendar call and that such counsel neglected to accomplish the mission entrusted to him. Three of the attorneys invoke pressure of business in other courts. This surfeit of cases to be tried, while it may be the envy of competing practitioners, has already been frowned upon by the courts when offered as an excuse for default. (Tripp, Guide to Motion Practice [cum. supp., 1949-1955], § 101, p. 243; Knickerbocker Print. Corp. v. United States, 348 U. S. 875; Seehase v. Webster, 284 App. Div. 1028.)
Upon these considerations our inclination is to deny each motion. But because the several defaults herein do not appear to be deliberate or intentional (Carpello v. Carana, 219 App. Div. 736; General Aniline & Film Corp. v. Rembrandt Graphic Arts Co., 281 App. Div. 1028) but rather due to inadvertence (Lunghino v. Marine Trust Co., 163 Misc. 765, supra) we will exercise our discretion liberally (Allen v. Fink, 211 App. Div. 411; Tripp, Guide to Motion Practice [rev. ed.], § 101, p. 295) but do so without condoning lack of attention to the calendars of this court on the part of practitioners before us.
Separate orders may be entered vacating the previous orders of dismissal and restoring these several claims to the calendar. Court of Claims rule 4 provides that the date of issue is the date of filing the claim in the clerk’s office. Thus claims appear upon our term calendars in the chronological sequence of their filing. To replace these claims in this order would result in giving them a preference over litigants who have already reported ready for trial. For that reason the orders to be entered herein shall direct the clerk to place them at the foot of the ready calendar for the current Albany term of court.
Enter separate orders accordingly.