■ MIRIAM SCHOENFELD, as Executrix of SAMUEL SCHOENFELD, Deceased, Appellant, v. LOU KLEIN et al., Respondents.— In an action to recover damages for fraud, the appeal is from a judgment dismissing the complaint at the close of the plaintiff's case. Judgment unanimously affirmed, with costs (cf. *Prentice* v. *Crane*, 234 Ill. 302). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ RUTH SILVERBERG et al., Appellants, v. MICHAEL CAMPANA, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellants' motion made pursuant to section 489 of the Civil Practice Act and rule 191 of the Rules of Civil Practice, for leave to take an inquest and directing them to accept respondent's answer. Order reversed, with $10 costs and disbursements, and motion granted, without prejudice, however, to a timely application by respondent to open his default upon a proper showing. In our opinion, this record cannot support the determination made at Special Term, since respondent has shown neither a meritorious defense nor an acceptable excuse for his default (cf. *Seehase* v. *Webster*, 284 App. Div. 1028; *Blasser* v. *Morrisania Milk Co.*, 243 App. Div. 281). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JENNIE B. SOLOW, Respondent, v. SHELDON H. SOLOW et al., Appellants, et al., Defendants.— Action to impress a trust on real and personal property, alleged to have been acquired as a consequence of a family joint venture, and for other relief. The appeals are (1) from an order which, *inter alia,* granted respondent's motion to examine appellants before trial as adverse parties, and (2) from an order which, *inter alia,* granted appellants the right to examine respondent 10 days after the conclusion of their examination by respondent. Respondent is the mother of the individual appellant and the wife of the individual defendant. It is alleged that the individual appellant is president of and in control of the corporate appellants. Appellants' notice to examine respondent before trial on September 5, 1957 was served with their answer on August 26, 1957; respondent's notice to examine appellants on September 18, 1957 is dated September 4, 1957. However, the Special Term granted respondent the right of precedence of examination "in view of the circumstances of this case". It appears that the information which is the subject of both notices of examination is contained in books and records in the custody of appellants. Orders affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.