Desmond, Ch. J.
(dissenting). Despite ample proof of the city’s causative negligence in providing too brief a clearance interval for the east-west traffic light at this busy and dangerous intersection, the city is adjudged to be as matter of law immune from liability for such fault. Such a holding is in direct opposition to the applicable precedents, particularly Eastman v. State of New York (303 N. Y. 691). (See, also, Van de Walker v. State of New York, 278 N. Y. 454; Nuss v. State of New York, 301 N. Y. 768, and Murphy v. De Revere, 304 N. Y. 922.) In Eastman we rejected the very defense here held to be an absolute one: that is, the defense that the malfunctioning of this light was the result of governmental planning by qualified officers. (In other words, that the city “ planned it that way ”.)
By this decision we are taking a long and surprising step backward into the old, abandoned area of governmental immunity. As far back as 1928 (Augustine v. Town of Brant, 249 N. Y. 198, 205) this court noted that “ The modern tendency is against the rule of nonliability ’ ’. Any exemption from liability (Parsons v. City of New York, 273 N. Y. 547) for improper maintenance of traffic signal lights was eliminated by Eastman and Nuss (supra). Since there is liability for eliminating a stop sign formerly in place (Eastman) or for failing to keep an existing traffic stop sign in such condition and location as to be visible (Nuss), there must for stronger reasons be liability where, as found here by the jury on sufficient evidence, the city so adjusted the traffic light that there was not sufficient time for east-west traffic moving on the green light to cross before opposing or north-south traffic was invited into the intersection by the change of the light. Significantly, Rhyne on Municipal Law *590 (p. 433) notes that nonliability for defective operation of traffic lights is the rule “ in jurisdictions where there is no statutory waiver of sovereign immunity”.
It is not the law that liability of a municipality can never be the result of a choice between decisions, in the course of governmental planning. Certainly Eastman (supra) involved such a policy choice or exercise of discretion, as did McCrink v. City of New York (296 N. Y. 99, see pp. 105-106) and Schuster v. City of New York (5 N Y 2d 75). In McCrink we held specifically (p. 106) that governmental discretion of a chief executive officer was “ superseded by the duty to abate ” the risk.
Even if the timing of a single traffic light could be considered the kind of high-level policy decision not reviewable by the courts there would still be another basis for liability here, that is, the creation by the city’s affirmative act of a trap or a nuisance. The city cannot escape liability where its ‘ ‘ policy decision” thus causes a “danger so needless that the choice becomes unreasonable” (Stern v. International Ry. Co., 220 N. Y. 284, 291; see Kamnitzer v. City of New York, 265 App. Div. 636; Karnasiewics v. New Britain, 131 Conn. 691). It incurs liability when in abating one risk it unreasonably creates another (Majka v. Haskell, 301 N. Y. 206, 210). It could in its discretion decide whether to have a stop-go light or some other control device or no device at all but, having assumed to act, it had to act carefully (Glanzer v. Shepard, 233 N. Y. 236, 239; Moch Co. v. Rensselaer Water Co., 247 N. Y. 160,167). “ Appellant having elected to install, and having installed the signal system in question, it was a corporate duty not to permit its operation in a manner calculated to cause injury to others” (Johnston v. City of East Moline, 405 Ill. 460, 468).
The very distinction now attempted to be made between the present case and Eastman and Nuss (supra) seems to have been overruled in Murphy v. De Revere (304 N. Y. 922, supra). Even if Eastman applies only where there is a specially dangerous situation (see Vitetta v. State of New York, 285 App. Div. 1114, motion for leave to appeal denied 309 N. Y. 1031), this would not help the city in the present case since the extraordinarily heavy traffic on Delaware and Delavan Avenues created obvious dangers which were recognized when the city installed the *591 lights and invited motorists to proceed into the intersection on the green light.
The judgment should be affirmed, with costs.
Judges Dye, Burke and Foster concur with Judge Fuld; Chief Judge Desmond dissents in an opinion in which Judges Froessel and Van Voorhis concur.
Judgment accordingly.