■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT STOKROCKI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Dutchess County, dated January 28, 1963, which denied without a hearing his application to vacate a judgment of said court rendered March 16, 1951 (as mod. on resentence June 13, 1960) upon his plea of guilty, convicting him of robbery in the second degree under the first and second counts of an indictment (which had accused him of robbery in the first degree and of other crimes), and sentencing him, on the first count, to an indeterminate term, not to exceed a five-year term; and, on the second count, suspending sentence on condition that he make restitution. Order affirmed. In our opinion, *coram nobis* does not lie to cure a patent error as to sentence in the judgment of conviction, from which no appeal was taken (*People* v. *Sadness,* 300 N. Y. 69). If the instant application be deemed to be a motion for a second resentence, no appeal lies from an order denying such relief (*People* v. *Machado,* 18 A D 2d 1103; *People* v. *Horne,* 18 A D 2d 695). We have nevertheless examined into the circumstances of the defendant's original conviction and sentence in 1951. In a prior habeas corpus proceeding brought by him, we sustained the validity of the sentence imposed upon him incident to his plea of guilty to the first count of the indictment and have held that such sentence carried a maximum term of five years only (see *People ex rel. Stokrocki* v. *Fay,* 8 A D 2d 984); and the defendant was resentenced accordingly. Under the circumstances, the District Attorney now properly concedes that the consecutive sentence meted out upon resentence under the second count of the indictment was for the same crime arising out of the same transaction, and hence was excessive and illegal (Penal Law § 1938; *People* v. *Riforgiato,* 281 App. Div. 1067; *People* v. *Nowicki,* 285 App. Div. 1114). However, since: (a) that question was of no moment in the prior habeas corpus proceeding (8 A D 2d 984); (b) as a practical matter, the defendant is presently not confined in jail; and (c) the time limits of both sentences contained in the 1951 judgment have expired, a formal adjudication thereon would serve no useful purpose now. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.