Fuchsberg, J.
(dissenting). In my view, what I regard as the majority’s all too wooden reading of the procedural statutes loses sight of both the spirit and intent of section 60.09 of the Penal Law. Moreover, such an over literal application of the procedural law to as constitutionally consequential a matter as the one before us now runs counter to the jurisprudential elasticity of which we have found ourselves capable in analogous situations.
I begin with CPL 440.20 which provides the mechanism for setting aside a sentence. It was designed to replace the “former recognized but uncodified — and unappealable — ‘motion for resentence’ ” (Denzer, Practice Commentary to CPL 440.20, McKinney’s Cons Laws of NY, Book 11A, p 260; see People ex rel. Emanuel v McMann, 7 NY2d 342; People v Stokrocki, 20 AD2d 551). And, it would appear to be particularly applicable where there has been a retroactive change in law concerning a sentence issue (see CPL 440.20, subd 2). Most relevant, however, is that an appeal to an intermediate appellate court from an order denying a 440.20 motion is authorized by CPL 450.15 (subd 2) provid *780 ing permission is granted by a Judge of that court (CPL 460.15).
The point is that, while the statutory language does leave something to be desired, where we felt it warranted in other principled circumstances, we have made free to fill an apparent gap in a statutory scheme to harmonize it with legislative intent (People v Rosenberg, 45 NY2d 251, 260 [concurring opn], and cases cited thereat). All the more should we do so here, where, it would be unnatural, when appellate review of discretion, narrow as it may be, is the norm even in criminal matters (see People v Belge, 41 NY2d 60), for the Legislature not to have assumed that the denial of an application for resentence under section 60.09 of the Penal Law would be without the embrace of section 450.15.
True, appellant, Clyde Stephens, who labeled his pro se motion one under CPL 440.20, did not obtain leave to appeal from the Appellate Division. That court, however, nevertheless determined the appeal on the merits. I therefore would deem its action — in contrast to the Appellate Division’s dismissal in People v De Jesus (54 NY2d 447) — as the functional equivalent of a grant of the necessary permission (but cf. People v McCarthy, 250 NY 358, 362). The apposition of Matter of Santangelo v People (38 NY2d 536), where the Appellate Division lacked power to consider an appeal, whether by permission or otherwise, makes the point all the more emphatic. Accordingly, I reach the merits of the appeal.
So doing, I observe that Stephens entered his plea for selling a controlled substance at a time when the draconian “Rockefeller Drug Laws” still held full sway. In accordance with the inexorable mandate of those statutes, the indeterminate sentence he received ran to life.
After some years, during which Stephens appears to have been a model prisoner and had dealt satisfactorily with his drug problem, he moved for retroactive resentencing as permitted by section 60.09 of the Penal Law, a statute enacted for the very purpose of “undo[ing] the harsh sentencing consequences of the tough 1973 drug laws” (Hechtman, Practice Commentary, McKinney’s Cons *781 Laws of NY, Book 39, Penal Law, § 60.09). As an adjunct to his pursuit of such relief, being without means, he specifically requested that counsel be assigned to represent him in the proceedings. To this application, made in August, 1979, the People’s response, in the form of an affidavit filed by the Chief of the Narcotic Unit of the Nassau County District Attorney’s office, was to state unconditionally that it had no opposition to the appellant receiving such consideration. There then followed a tragedy of errors and delays in the course of which the court misplaced his papers and, by February of the following year, had adjourned the matter 11 times, when, after Stephens had written to express his exasperation, it finally ordered that he be brought down to Nassau from Attica, where he was serving his sentence, so that he could be present before the court for the purpose of possible resentencing on February 14. In fact, however, the authorities did.not do so until February 22, only for him to learn after he arrived in Nassau, that, in his absence and without any recorded findings of any kind, his motion had been denied on February 14 in an order which took the form of a short notation on a scrap of paper. Counsel had never been assigned to him.
Conceding that the relief he sought was discretionary, the appellant nevertheless asserts that this summary denial not only was inconsistent with the remedial intent of section 60.09, but denied him due process under both the Federal and State Constitutions. He points out that potentially at stake in the proceeding he commenced was at least a conditional liberty interest measurable in years and years of imprisonment. He further argues that, whether the process due him under section 60.09 is to be compared with the full panoply of protections inherent in traditional sentencing and resentencing procedures, or, even if somewhat less stringent safeguards suffice here, the deprivation of right to counsel and the right to be present meant that even minimal fairness did not prevail (see, e.g., Wolff v McDonnell, 418 US 539, 555-556; Morrissey v Brewer, 408 US 471, 480-482).
Believing these contentions are not without merit, it follows that I would reverse and remand the case to the County Court for proceedings on appellant’s motion under *782 section 60.09 of the Penal Law in accordance with constitutional notions of due process.
Appeal dismissed, etc.