ALEXANDER PATRICK, PLAINTIFF IN ERROR, V. THE
STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** CHALLENGE TO GRAND JURORS. While a
person charged with an offense which is about to be laid before
a grand jury may examine and challenge for cause any person
called as a grand juror, on the ground of bias or prejudice, yet
such challenge must be made before the jury is impaneled and
sworn.

2. **Evidence.** There is no error in excluding a mere repetition by
a witness of testimony already given by him.

3. ———. Certain evidence held to be irrelevant and properly ex-
cluded.

ERROR to the district court for Seward county.   Tried
below before GEORGE W. POST, J.

*St. Clair & Anderson* and *Lamb, Ricketts & Wilson,* for
plaintiff in error.

*Isaac Powers, Jr., Attorney General,* for the State.

MAXWELL, J.

The plaintiff was indicted for the murder of his wife,
and convicted of murder in the second degree and sen-
tenced to imprisonment in the penitentiary for life.   He
assigns a number of errors in the proceedings which will
be considered in their order:

I.   It is alleged that the court erred in refusing to per-
mit the plaintiff to examine the grand jurors that found
the indictment, and challenge for cause.

At common law the sheriff of every county was re-
quired to return to every session of the peace, and every
commission of oyer and terminer, and of general jail de-
livery, twenty-four good and lawful men of the county,
some out of every hundred, to inquire, present, do, and

execute all those things which the law required.    4 Black. Com., 302.  The jurors returned were to be good and lawful men—that is men free from objections, such as bias, prejudice, or other objection affecting their fairness or impartiality.   In other words, grand jurors, like petit jurors, were required to be indifferent between the parties, and be guided solely by the evidence in determining whether or not an indictment should be found against the accused. *People v. Jewett*, 3 Wend., 314.    *U. S. v. Watkins*, 3 Cranch. C. C. R., 457.   *Com. v. Clark*, 2 Browne, 325.   *State v. Gillick*, 7 Iowa, 287.  *People v. Manahan*, 32 Cal., 68.   *State v. Quimby*, 51 Me., 395.  Whart. Cr. Proc., § 346.   *Newman v. The State*, 14 Wis., 427.   But personal objections to the fairness of jurors must be made before the jury is impaneled and sworn.  *People v. Jewett*, 3 Wend., 321. The practice in this state has been for the court to examine the jurors as to their qualifications before the jury is impaneled.   If the jurors are found to be legally qualified, and no personal objections as to bias or prejudice are made against any of them, the jury is impaneled and sworn. Objections on the ground of prejudice or bias, if made afterwards, cannot be considered.   In the case at bar the plaintiff did not ask leave to examine the jurors until after the jury had been impaneled and sworn.   There was no error therefore in overruling the application.

II.   Objection is made to the exclusion of testimony that James Patrick, a son of the plaintiff, had another revolver than that produced by him at the trial, the apparent object being to cast suspicion upon him as having committed the murder.   But an examination of the testimony shows that the question was twice answered in the negative, and full and explicit answers given.   There was no error therefore in sustaining the objection.

III.   The plaintiff's attorneys offered evidence to prove that he had visited a house of ill-fame in Indiana, and that this circumstance was stated to his wife on the day the

murder was committed. The evidence was excluded, and properly we think, as it was clearly irrelevant. There is no error in the record. The testimony shows beyond question that the plaintiff deliberately committed the murder with which he is charged; that no extenuating circumstances appear, and in our opinion the sentence is not too severe. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.