JOHN H. KRAUSE V. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1911.   No. 16,867.

1. **Grand Jury.**   Section 584 of the criminal code provides that a grand jury shall be drawn and summoned to appear at the first term of the district court in every year, unless that court, or a judge thereof, shall otherwise direct in writing.

2. ———: SELECTION. If the county commissioners substantially follow the statute in selecting the 60 names from which the clerk of the district court and the sheriff draw the names of the persons who are to act as grand jurors, a plea in abatement to an indictment will not be sustained because the county clerk did not enter upon the journal of the board a record of those proceedings.

3. Criminal Law: PLEA IN ABATEMENT. It is not a good plea in abatement to an indictment that it was returned by a grand jury of which the complaining witness was a member.

4. ———: CONTINUANCE. A judgment of conviction will not be set aside because the accused was denied a continuance to procure an absent witness, where it appears that his testimony is immaterial.

5. ———: WITNESSES: IMPEACHMENT. In laying the foundation to impeach a witness by his testimony given before the grand jury, the county attorney is not required to state the questions propounded to the witness by the grand jury and his answers thereto, but it is sufficient if the gist of that testimony is recited. In like manner, the grand jurors may testify to the substance of the witness' testimony.

6. ———: EVIDENCE. The trial court in its discretion may permit a witness to testify that he saw a mark in the sand close to the point where the accused shot at the prosecuting witness, that it was made by a bullet, and was in line with the points where the testimony shows that the accused and the prosecuting witness stood at the time the shot was fired.

7. ———: INSTRUCTIONS. "In a prosecution for a felony, error cannot be predicated upon the failure of the trial court to define a lesser offense included in the crime charged, unless requested so to do." Barr v. State, 45 Neb. 458.

8. ———: SEPARATE COUNTS: ELECTION. It is within the sound discretion of the trial court to overrule a request to compel a county attorney to elect upon which of two counts in an indictment he will ask for a conviction, where one count is for feloniously shooting at the prosecuting witness with the intent to kill and the other count charges a like shooting with intent to wound.

9. ———: SENTENCE REDUCED. Upon a consideration of mitigating circumstances, the sentence imposed by the district court is found to be excessive and is reduced to two years.

ERROR to the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed: Sentence reduced.*

*C. Patterson* and *A. W. Crites,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROOT, J.

John H. Krause prosecutes error proceedings to reverse a judgment of imprisonment for five years in the penitentiary for feloniously shooting at William Kline.

We find nothing in the record to suggest that the jury were not summoned in accordance with chapter 171, laws 1909. In our opinion this act provides that a grand jury shall be drawn in the manner provided by law and summoned for the first term of the district court in every year, unless the district court, or a judge thereof, shall otherwise order in writing.

We find no error in the selection of the grand jury. While the county clerk did not make an entry on the journal of the board of those proceedings, yet a list of the names of the persons from whom the jurors were selected was delivered to the clerk of the district court and the jury were selected therefrom. The commissioners performed a duty imposed upon them by law, not as a board of county commissioners, but as jury commissioners. The legislature might lawfully have required any other county officer or officers, or some person selected for that particular purpose, to choose the jury. The statute does not provide that the commissioners shall make a record of their proceedings in preparing the list, and, so long as they acted in conformity with the law, proof of that fact may be made by parol evidence.

The plea that the prosecuting witness was a member of the grand jury must also be overruled. Tʰ authorities are not in harmony as to how far an indicted person may go behind an indictment, or what objections he may make, which, if sustained, will require the court to annul the accusation. We are of opinion that, where the statute

does not provide otherwise, the general rule stated in Thompson and Merriam, Juries, sec. 533, should apply: "The only objections which can be taken to grand jurors by plea in abatement must be such as disqualify the juror to serve in any case. In other words, the plea must show the absence of positive qualifications demanded by law." *State v. Easter,* 30 Ohio St. 542; *Gibbs & Stanton v. State,* 16 Vroom (N. J.) 379; *Lascelles v. State,* 90 Ga. 347.

Section 439 of the criminal code permits an accused person to except to an indictment by a motion to quash, by plea in abatement, or by demurrer. Section 440 provides that the motion to quash may be made when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged. Section 442: A demurrer may be interposed when the facts stated in the indictment do not constitute an offense punishable by the laws of the state, or when the intent is not alleged but is necessary to make out the offense charged. Section 441: "A plea in abatement may be made when there is a defect in the record, which is shown by facts extrinsic thereto."

The statute does not provide that the presence of a prosecuting witness upon the grand jury shall be ground for exception to the indictment returned. In fact, the oath administered to grand jurors contemplates that they shall advise each other of all violations of the law concerning which they have knowledge or information, but that they shall present no person through malice, hatred or ill will. "Saving yourself and fellow jurors, you  \*  \*  \* shall diligently inquire, and true presentment make, of all such matters and things as shall be given you in charge, or otherwise come to your knowledge, touching the present service. The counsel of the state, your own, and your fellows', you shall keep secret, unless called on in a court of justice to make disclosures. You shall present no person through malice, hatred or ill will, nor shall you leave any person unrepresented through fear, favor, or affection, or for any reward or hope thereof; but in all your pre-

sentments you shall present the truth, the whole truth, and nothing but the truth, according to the best of your skill and understanding." Criminal code, sec. 395. The legislature having provided the grounds upon which and the procedure by which an indictment may be attacked, none others should be recognized.

There is dictum in *Patrick v. State*, 16 Neb. 330, which countenances challenges to the favor or to the polls, if interposed before the jury is sworn. However much discretion the district judge may have to consider those objections before the jury is accepted, we are confident the accused has no right to interpose them in a plea in abatement.

There was no error in refusing a continuance because of the absence of the witness Wilson. The accused proposed to prove by this witness that the altercation between the parties occurred upon the accused's land. There is no evidence to disprove that contention, and the fact is immaterial in the circumstances of this case.

There was no error in permitting the state to impeach the witness Collins by showing that his testimony before the grand jury with respect to material matters was different from his testimony during the trial. Nor was it essential that the precise questions propounded to the witness and his answers thereto, while before the grand jury, should have been stated to him on cross-examination. The time and place were referred to with particularity, and the gist of his testimony repeated. The testimony before the grand jury was not preserved in detail; there is no suggestion that the questions in any manner qualified his answers, and a sufficient foundation was laid for the impeaching testimony. 7 Ency. of Evidence, 132.

No error was committed in permitting the witnesses to testify that they observed a mark made by a bullet in the sand some distance from the points where the accused and the complaining witness were standing and in line thereof, according to the testimony of Mr. Kline. The accused fired the shot while standing upon a brace within

a windmill tower and from two to five feet from the ground. The tower is in a hollow. The land around it is sandy, and, by reason of a rain which had fallen the preceding night, this sand presented a smooth surface. The accused fired a loaded revolver, which was pointed in the direction of the prosecuting witness. Mr. Kline testifies that the bullet passed in close proximity to his head, and that he saw the mark in the sand immediately after the shot was fired. This case does not come within the principles announced in *Clough v. State,* 7 Neb. 320, and in *Russell v. State,* 62 Neb. 512. None of these witnesses attempted to say that the mark was made by a bullet from Mr. Krause's revolver, but merely that the mark was there and had been made by a bullet.

The only exception to the instructions argued in this court is that the jury were not told that the indictment contained in law a charge of simple assault, so they could find the accused guilty of a misdemeanor, and not a felony. For the reason that no such request was made by counsel for the accused, the assignment must be overruled. *Barr v. State,* 45 Neb. 458.

There was no error in not compelling the county attorney to elect upon which count he would rely for a conviction. The difference between the counts is in the charge of intent, and the jury were the sole judges of whether that intent was to wound or to kill. *Candy v. State,* 8 Neb. 482. The punishment is the same for either act. Criminal code, sec. 16.

Whether the judgment is sustained by sufficient evidence depends upon the credibility of the witnesses. The accused admitted that he fired the shot; his intent must be ascertained from all the facts and circumstances made apparent by the evidence. If the accused, subsequently to the shooting, made the statement testified to by two witnesses, there is considerable foundation for a finding that he intended to at least wound the complaining witness. Possibly the fact that the two small children of the prosecuting witness and his wife were present when the shot

was fired may have influenced the jurors to find that the intent was to kill.  We cannot say, in the light of all the evidence, that the verdict is not sustained by sufficient evidence.  However, we ought not to forget that the accused made no further attempt to injure the complaining witness, nor that, in the two years preceding the encounter, the complaining witness made threats of a serious character against Mr. Krause, and, while armed with a rifle, had pursued him to the house of a neighbor.  We think there are mitigating circumstances which impel us to say the sentence is too severe, and we therefore shall reduce it to two years, and, as thus modified, the judgment is affirmed.

JUDGMENT ACCORDINGLY.

FAWCETT, J., not sitting.