STATE OF NEBRASKA, APPELLEE, V. RONALD J. ABBOUD, APPELLANT.

147 N. W. 2d 152

Filed December 16, 1966. No. 36308.

Marks, Clare, Hopkins & Rauth, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and MANASIL and HASTINGS, District Judges.

BOSLAUGH, J.

The defendant, Ronald J. Abboud, was convicted on three counts of aiding and abetting Ernest A. Adams and Stephen T. Novak in soliciting, proposing, or agreeing to receive bribes in violation of section 28-708, R. R. S. 1943. His motion for new trial was overruled and he has appealed.

The case arose out of an application to rezone a tract of land at Eighty-first Street and Farnam Drive in Omaha, Nebraska. Adams and Novak were members of the city council who voted for the rezoning. The State's theory of the case was that the defendant, in conspiracy with others, aided and abetted Adams and Novak in soliciting, proposing, and agreeing to receive bribes for favorable votes on the rezoning application.

The defendant was charged by indictment. Upon the motion of the State, the indictment against the defendant was consolidated for trial with indictments against Adams and Novak. Although each defendant

has appealed separately, a number of the assignments of error are common to all three appeals.

We have this day affirmed the conviction of Adams. See State v. Adams, *ante* p. 75, 147 N. W 2d. 144. This opinion will be limited to a discussion of the assignments of error which are not disposed of by the opinion in State v. Adams, *supra*.

The procedure for the selection of a grand jury in this state is prescribed by statute. The jury commissioner is directed to select at random the names of 80 persons from the jury list. § 25-1629, R. R. S. 1943. Forty names are then drawn from a box or wheel containing the 80 names. From this list of 40 names the jury commissioner, the presiding judge, and one other person designated by the presiding judge select 16 persons as grand jurors and 3 persons as alternates. § 25-1633, R. R. S. 1943.

The grand jury in this case was not selected from the first 80 names selected at random by the jury commissioner. The trial court found that an insufficient number of qualified jurors was contained on the first list and directed that a second, and later a third, list be drawn. The defendant contends that this was illegal and that the proceedings of the grand jury were void.

The defendant argues that the jury must be selected from the first 80 names because there is no specific provision authorizing a second panel if the first proves to be insufficient. We think that the more reasonable interpretation of the statute is that which was adopted by the district court. Where the first panel proves to be insufficient, the proper procedure is to select additional panels until a sufficient number of qualified jurors has been obtained.

The defendant further complains that an unlawful voir dire examination of prospective jurors was conducted and jurors were improperly disqualified or excused. The statute authorizes the jury selection board to mail an examination form or questionnaire to pros-

pective jurors and to examine them under oath as to their qualifications. §§ 25-1633.02 and 25-1633.03, R. R. S. 1943. The statute further permits the district court, in its sound discretion, to excuse for cause any grand juror who has been summoned. § 25-1601, R. R. S. 1943.

In Krause v. State, 88 Neb. 473, 129 N. W. 1020, Ann. Cas. 1912B 736, this court held that a substantial compliance with the statute in the selection of a grand jury was sufficient, and that the only objection which could be taken by plea in abatement would be to show the jurors lacked positive qualifications demanded by law. This court further stated: "The legislature having provided the grounds upon which and the procedure by which an indictment may be attacked, none others should be recognized." The assignment of error is without merit.

The defendant further complains that the indictment is invalid because he was summoned to appear as a witness before the grand jury. In O'Bryan v. State, 111 Neb. 733, 197 N. W. 609, the defendant was subpoenaed as a witness and testified before the grand jury. This court held that the failure to claim the constitutional right against self-incrimination waived the privilege.

In this case in ruling upon the motion to quash, the trial court noted that the defendant had been cautioned as to his privilege against self-incrimination, had claimed the privilege, and the privilege was sustained by the trial court. The assignment of error is without merit.

The defendant further complains that the oath administered to the witnesses before the grand jury required them to keep their testimony secret. The statute, section 29-1410, R. R. S. 1943, does not prescribe the form of the oath other than that the witness shall testify truly of such matters and things as may be lawfully inquired of before the jury. An oath of secrecy is required in some jurisdictions and is in keeping with the secrecy which is traditional in grand jury proceedings. See, 24 Am. Jur., Grand Jury, § 47, 1966 Cum. Supp., p. 153;

4 Wharton's Criminal Law and Procedure, § 1719, p. 487. The oath administered in this case was not improper.

The indictment against the defendant originally contained seven counts. A demurrer was sustained as to the first four counts. The defendant contends that the demurrer should have been sustained as to the last three counts because the defendant cannot be convicted of aiding and abetting unless the act of the principal is a crime.

The principal referred to in each of the last three counts was a member of the city council, a "public officer," and the crime charged was soliciting, proposing, and agreeing to receive a bribe. The act of the principal alleged in each count was a crime under section 28-708, R. R. S. 1943, and was sufficient to support a charge of aiding and abetting.

The principal witness for the State was John B. Coleman who wanted the property rezoned so that he could construct an apartment development on the site. Coleman testified at length concerning conversations with the defendant and other members of the conspiracy. A number of these conversations which took place in Coleman's hotel room were recorded upon a tape recorder.

The defendant moved to suppress the recordings and later objected to their admission in evidence. The motion to suppress was overruled and the recordings were received in evidence over objection and heard by the jury. The defendant contends that the tape recordings were obtained by "electronic eavesdropping" and were an invasion of the defendant's right of privacy. The contention is without merit.

The conversations which were recorded took place in a hotel room rented by Coleman. The conversations were between Coleman and the defendant and other members of the conspiracy. Coleman testified at length concerning these conversations, and the recordings merely corroborated his testimony as any other witness pres-

ent might have done. The motion to suppress and the objections to the recordings were properly overruled. See, Lopez v. United States, 373 U. S. 427, 83 S. Ct. 1381, 10 L. Ed. 2d 462; On Lee v. United States, 343 U. S. 747, 72 S. Ct. 967, 96 L. Ed. 1270.

The defendant claimed the right to peremptorily challenge six jurors but the trial court allowed him only three peremptory challenges. Section 29-2005, R. R. S. 1943, provides for three peremptory challenges where the offense is punishable by imprisonment for 18 months or less and for six peremptory challenges where the punishment may exceed 18 months imprisonment but is less than life. The defendant was charged in three counts with violating section 28-708, R. R. S. 1943, which is punishable by imprisonment for 1 year.

A defendant is not entitled to additional peremptory challenges because the indictment charges separate offenses in separate counts. See 50 C. J. S., Juries, § 281, p. 1077. The maximum punishment under any one count was imprisonment for 1 year. The ruling of the trial court was correct.

Instruction No. 4, relating to aiders and abettors, contained this sentence: "In this connection you are instructed that the State has offered evidence tending to establish the guilt of the defendant Ronald J. Abboud by reason of his being an abettor or accomplice." The defendant complains that the instruction constituted a comment on the evidence and invaded the province of the jury.

The counts of the indictment which were submitted to the jury all charged the defendant as an aider and abettor. The other instructions advised the jury that it might find the defendant guilty on all three counts. The effect of all of the instructions was to tell the jury that there was evidence tending to establish the defendant's guilt, but that it was for the jury to decide whether it established his guilt. Under the circumstances of this case, the particular instruction given was not preju-

dicial to the defendant when considered together with the other instructions.

The judgment of the district court is affirmed.

AFFIRMED.