**Thomas Franklin CLEMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18691.**

United States Court of Appeals
Eighth Circuit.

Aug. 22, 1967.

Edward M. Cohen, Minneapolis, Minn., made argument and filed brief for appellant.

Gene R. Bushnell, Asst. U. S. Atty., Sioux Falls, S. D., made argument for appellee; Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., was with him on the brief.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Once again, we are confronted with the murky question of whether the search of an automobile comports with the requirements of the Fourth Amendment and the decisions of the United States Supreme Court. Here again, the officers seeking the search warrant did not present to the magistrate all of the significant evidence relating to probable cause within their knowledge. Thus, we reach our decision that the trial court did

not err in denying the appellant's motion to suppress, and that probable cause for the issuance of a warrant to search the appellant's car existed on a record that could have been much more complete.

 The evidence presented to the magistrate to support the issuance of a warrant to search the car consisted only of that contained in the following documents:

(1) A Criminal Complaint, dated December 23, 1965, in which Sheriff Henry Oudin of Crook County, Wyoming, swore before a Wyoming magistrate that the appellant broke and entered into the Hulett School, Hulett, Wyoming, on December 22, 1965, and an Arrest Warrant, dated December 23, 1965, issued by the Wyoming magistrate.[1]

(2) A Criminal Complaint signed by Sheriff Oudin on January 7, 1966, in Municipal Court in Rochester, Minnesota, in which the sheriff recited that the appellant broke and entered the Hulett School; that the crime was a felony in the State of Wyoming; that the Wyoming Complaint and Warrant described above had been issued; that the appellant had fled from Wyoming to Olmsted County, Minnesota; and that the crime for which the appellant was charged was punishable by imprisonment for a period exceeding at least one year. A Minnesota Arrest Warrant was issued pursuant to the Complaint.[2]

---

1. The existence of probable cause for the issuance of the Wyoming arrest warrant is not clear. Fed.R.Crim.P. 3 & 4; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931); Rice v. Ames, 180 U.S. 371, 372, 21 S.Ct. 406, 45 L.Ed. 577 (1901). The sole statement in the Complaint recited:

"I, Henry Oudin, do solemnly swear that on or about the 22nd day of December A.D. 1965, in the County of Crook * * * (the appellant) did unlawfully break and enter into a locked or sealed public building, to wit: the Hulett School, Hulett, Wyoming."

It does not offend notions of due process, however, to permit the magistrate to place reliance on the act of a magistrate of a sister state, particularly in view of the fact that the defendant could properly have questioned the validity of his arrest in a motion to quash prior to trial. Giordenello v. United States, supra; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927). If he had done so, consideration could now be given to the question of whether probable cause existed for the issuance of the arrest warrant as a factor in determining the validity of the search warrant. In view of the defendant's failure to question the validity of the arrest warrant before or during trial, it will not be considered on this appeal [Evans v. United States, 325 F.2d 596, 602 (8th Cir. 1962); Hess v. United States, 254 F.2d 578, 583 (8th Cir. 1958); Pon v. United States, 168 F.2d 373 (1st Cir. 1948)], nor in a subsequent post-conviction proceeding [Bistram v. United States, 253 F.2d 610, 612 (8th Cir. 1958)]. Similarly, the defendant cannot challenge the validity of this search warrant in a post-conviction proceeding on the grounds that there was not probable cause for the issuance of the arrest warrant. Accord, Cox v. United States, 351 F.2d 280 (8th Cir. 1965); Springer v. United States, 340 F.2d 950 (8th Cir. 1965); Peters v. United States, 312 F.2d 481 (8th Cir. 1963); Losieau v. United States, 177 F.2d 919 (8th Cir. 1949); Eberhart v. United States, 262 F.2d 421 (9th Cir. 1958) (See cases cited therein.); Wilkins v. United States, 103 U.S. App.D.C. 322, 258 F.2d 416, cert. denied 357 U.S. 942, 78 S.Ct. 1396, 2 L.Ed.2d 1557 (1958); United States v. Scales, 249 F.2d 368 (7th Cir. 1957); Barber v. United States, 197 F.2d 815 (10th Cir.), cert. denied 344 U.S. 857, 73 S.Ct. 94, 97 L.Ed. 665 (1952). Cf. Elkins v. United States, 364 U.S. 206, 223–224, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960) (In rejecting the "silver platter" doctrine, the Court requires a "timely objection in a federal criminal trial.").

2. It appears from the record that the Minnesota Arrest and Search Warrants were not sought or issued until after the appellant was arrested. The arrest would nonetheless be valid as a person duly charged with a felony in one state may, if he flees to another, be arrested, without a warrant by a peace officer in the state in which he is found. Stallings v. Splain, 253 U.S. 339, 341, 40 S.Ct. 537, 64 L.Ed. 940 (1920); Burton v.

(3) An Affidavit and Application for a Search Warrant in which a detective in the Olmsted County Sheriff's office stated he had reason to believe that the appellant broke into and entered the Hulett School building, and that "a certain 1965 Buick 2-door, Colorado license KB 2556, green in color, a more particular description * * * unknown, was located" in Olmsted County and in the possession of the appellant. The affidavit also asserted that the detective believed the car contained "burglar tools, safe insulation materials, and stolen money used and derived from the * * breaking and entering, floor mats which are likely to contain certain safe insulation material." It continued that "the complainant herein, Henry Oudin, Sheriff of Crook County, State of Wyoming, from reliable sources was informed that the motor vehicle described aforesaid was at or near the scene of the alleged crime,[3] and that the condition of the school building and the contents therein indicated that burglary tools were used, that money was stolen and that a safe was rilfed (sic)."

■■ It is clear that had the officers chosen to search the car when they arrested the defendant, they would have had probable cause for so doing. Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Pres-

New York C. & H. R. R. Co., 245 U.S. 315, 38 S.Ct. 108, 62 L.Ed. 314 (1917); see Minn.Stat. 629.13 (1964) and 629.14 (1964) which in part read:

"* * * When any person within this state shall be charged on the oath of any credible person before any judge or magistrate of this state with the commission of any crime in any other state and, * * * when complaint shall have been made before any judge or magistrate in this state setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state and that the accused has been charged in such state with the commission of the crime, * * * the judge or magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein, wherever he may be found in this state and to bring him before the same or any other judge, magistrate, or court who or which may be available in or convenient of access to the place where the arrest may be made, to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant." Minn.Stat. 629.13 (1964).

"* * * The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year, but when so arrested the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in Section 629.13; and thereafter his answer shall be heard as if he had been arrested on a warrant." Minn.Stat. 629.14 (1964).

3. This statement is not based on the affiant's personal knowledge, nor is it shown that it is based on the unidentified informer's personal knowledge. The basis of the informant's credibility or reliability is not shown, and the time when the affiant received the information is not fixed. The statement is conclusory in nature and does not provide the magistrate a basis on which to make an independent determination of probable cause. Riggan v. Virginia, 384 U.S. 152, 86 S.Ct. 1378, 16 L.Ed.2d 431 (1966); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245 (1958); Rosencranz v. United States, 356 F.2d 310 (1st Cir. 1966); Gillespie v. United States, 368 F.2d 1 (8th Cir. 1966).

In view of these deficiencies, the statement, even though it may have been corroborated by the finding of the car at the Clemas house trailer is not entitled to great weight. None-the-less, the magistrate could reasonably believe that the Buick car with a Colorado license plate, whether seen or not in Wyoming, had been used by Clemas to flee to Minnesota, and was still in his possession and was thus likely to contain instruments and fruits of the crime.

ton v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Harris v. Stephens, 361 F.2d 888 (8th Cir. 1966); Drummond v. United States, 350 F.2d 983 (8th Cir. 1965); cf. Williams v. United States, 260 F.2d 125 (8th Cir. 1958). We agree with Judge Friendly, who stated in United States v. Francolino, 367 F.2d 1013, 1017 (2d Cir. 1966):

> "We see no reason in principle why a car parked immediately outside a house should stand better than a room inside it which was not the place where the defendant was arrested. Drummond v. United States, 350 F.2d 983, 987 (8 Cir. 1965), cert. denied sub nom. Castaldi v. United States, 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 1944 (1966). * * * The question rather is whether there was fair basis for belief that the place searched— whether inside the house or immediately outside it—would contain instruments or fruits of the crime for which the arrest was made. Harris v. United States, supra, 331 U.S. at 152–153, 67 S.Ct. 1098. * * *"

The arresting officers had reasonable cause to believe that the appellant had burglarized the Hulett School, on December 22nd; that he used burglary tools in committing the crime; that he fled from Wyoming to Minnesota; and, that the same Buick car which had been observed near the scene of the crime in Wyoming was found immediately outside of his trailer in Rochester, Minnesota, and under his control. They also knew that a Warrant had not been issued for the arrest of his wife, who could move the car or remove instruments or fruits of the crime from it after their departure. The officers, however, apparently decided against searching the car at the time of the arrest. Instead, they placed it under the custody of two of their members and removed the defendant to the Olmsted County jail where he was incarcerated. They then proceeded to ob-

tain a Warrant to search the car from the Minnesota magistrate.

While some support for the position that the right to search incidental to a lawful arrest without a Warrant continues for a reasonable time and is not lost by the fact that the defendant has been placed in custody exists, in United States v. Preston, supra, 376 U.S. at 367, 84 S.Ct. at 883, the Court declared:

> "* * * The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. *Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.* * * *" (Emphasis added.)

While we could attempt to distinguish this case from *Preston* on a number of grounds,[4] it is not necessary to do so. Indeed, the officers here did precisely what *Preston* commanded; they obtained a warrant to search the car and, in our judgment, the evidence that they presented to the magistrate was sufficient to justify the issuance of the Search Warrant. The documents presented to the magistrate clearly gave him probable cause to believe: (1) That Clemas had just been lawfully arrested. (2) That he had burglarized the Hulett School on December 22, 1965. (3) That burglary tools had been used in the commission of the crime. (4) That he had fled from Wyoming to Rochester, Minnesota. (5) That a Buick car, with a Colorado license plate (which might have been observed near the scene of the crime in Hulett, Wyoming), was parked directly outside of Clemas' house trailer

4. See Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730

(1967); Drummond v. United States, 350 F.2d 983 (8th Cir. 1965).

in Rochester, and was directly in his possession and control.

On the basis of these facts, we feel that the magistrate could reasonably infer that the car, parked directly outside the trailer, was likely to contain instruments and fruits of the crime, and that it was used by Clemas to flee from Wyoming to Minnesota, and that it might have been seen in Wyoming at the scene of the crime.

The Affidavit submitted to the magistrate and the Warrant issued by him described with particularity the place to be searched and the things to be seized. It restricted the search to the car, and set forth the items to be sought. There was no opportunity for the indiscriminate rummaging around so frequently condemned by a minority of the Supreme Court. See United States v. Rabinowitz, 339 U.S. 56, 71, 70 S.Ct. 430 (1950) (dissenting opinion of Justice Frankfurter). Finally, the search was necessary to avoid the destruction of evidence. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280 (1925); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886).

Affirmed.