## January 12, 1968

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARVIN THORNAM HANEY, Appellant.— REYNOLDS, J. Appeal from a judgment of conviction of the County Court, Otsego County, entered following a jury verdict of guilty of the crime of assault in the second degree. Appellant initially urges that reversal is mandated because he did not obtain a requested preliminary hearing pursuant to section 190 ' of the Code of Criminal Procedure.

We cannot agree. The stay of proceedings obtained by appellant having been removed prior to the submission of the case to the Grand Jury, the subsequently obtained indictment upon which conviction was based was not affected by the asserted deficiency (*People* v. *Wright*, 28 A D 2d 602; *People* v. *Hutson*, 28 A D 2d 571; *People* v. *Hobbs*, 50 Misc 2d 561). Secondly, we find no merit in appellant's assertion that he was entitled to 20 rather than 5 peremptory challenges. Under section 373 of the Code of Criminal Procedure he would be entitled to 20 challenges only if the crime charged were punishable by a sentence of 10 years or more. Clearly the fact that appellant might receive a sentence of more than 10 years because he was a second felony offender would not entitle him to 20 challenges (*People* v. *Ramos*, 16 N Y 2d 700). Moreover, despite the fact that the indictment contained two counts, only one crime was charged and thus appellant, if it were not for the fact that he were a second felony offender, would have been subject to no more than a five-year maximum sentence (Penal Law, § 1938; *People* v. *Nowicki*, 285 App. Div. 1114). Additionally, even if the indictment were to be read as charging two separate crimes appellant would still have been entitled to only 5 challenges since the maximum punishment for either crime alone was less than 10 years (*People* v. *Naumo*, 276 App. Div. 1050). Finally, we cannot agree upon examining the record as a whole that any remarks made by the District Attorney were so inflammatory and prejudicial as to mandate a new trial (*People* v. *Feldt*, 26 A D 2d 743, 744), or that the jury's verdict, particularly with regard to appellant's intoxication as bearing on the question of intent, was against the weight of the evidence (Penal Law, § 1220). Judgment affirmed. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.