283 So.2d 134 (1973)
Bonnie BLOOM, Appellant,
v.
STATE of Florida, Appellee.
No. 72-709.
District Court of Appeal of Florida, Fourth District.
June 29, 1973.
On Rehearing September 6, 1973.
Basil E. Dalack, of Koeppel, Stark, Marks & Newmark, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey and Marie Bernard, Asst. Attys. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Bonnie Bloom, was informed against for the crime of grand *135 larceny, tried and convicted by a jury, adjudged guilty by the court with imposition of sentence. We reverse.
Bonnie Bloom and one Henry D. Bloom were jointly charged by information containing three counts of grand larceny of furniture of the value of one hundred dollars or more, the property of Home Beautiful, Inc. (count one), J.J. Cater Furniture, Inc. (count two), and with larceny of good and lawful currency of the United States of the value of one hundred dollars or more, the property of Pauline Williamson d/b/a Park Furniture (count three).
On September 18, 1970, a dentist's office had been broken into and seventeen blank checks stolen. A confidential informant contacted the police and informed them that the Blooms had the checks. An agent and the informant went to the apartment complex where the Blooms resided. The informant entered the Blooms' apartment and returned with four of the seventeen stolen checks. On the basis of this information, an affidavit was signed for issuance of a search warrant. The search warrant that issued commanded that the Blooms' apartment be searched and that "stolen property received and concealed upon the aforesaid premises in violation of Section 811.16, Florida Statutes," be seized. The search warrant was executed, and blank checks in the name of the Market Street Loan Association were seized, inter alia.
While executing the search warrant, the officers noticed new furniture in the apartment. When the officers subsequently learned that the furniture had been stolen, another affidavit for search warrant was sworn to, and a second search warrant issued. This search warrant again commanded the officers to search Blooms' apartment and to seize "stolen property [possessed] in violation of Section 811.16, Florida Statute." The search warrant was executed and the furniture upon which the information was based seized.
At a pre-trial hearing, a motion to suppress the items seized under the search warrants was made on the ground, inter alia, that the search warrants were invalid on their face as they did not describe with particularity the property to be seized. The motion was denied.
At trial, it was shown that Henry Bloom would purchase furniture from local furniture stores and pay for his purchase with a check purportedly issued by the Market Street Loan Association. In this manner, the Blooms accumulated furniture valued in excess of $3500. In reference to the third count, the state showed that Henry D. Bloom went to Park Furniture where he ordered furniture valued at $680, which was to be delivered the following Tuesday. The purchase was paid for by a check purportedly issued by the Market Street Loan Association in the amount of $1,000. The difference between the value of the furniture and the face amount of the check was paid to Henry D. Bloom in cash. Both defendants were found guilty as charged, and Bonnie Bloom brings this appeal.
The primary thrust of this appeal is whether a search warrant which does not particularly describe the property to be seized is valid.
The United States Constitution, amend. IV, and the Florida Constitution, art. 1, § 12, F.S.A., provide that search warrants shall particularly describe the property to be seized. This constitutional command is further amplified by Section 933.05, Florida Statutes, F.S.A., which specifically prohibits the issuance of search warrants in blank and again commands that the warrant particularly describe the property or thing to be seized. This emphasis on a description of the property to be seized is also illustrated by Section 923.12, Florida Statutes, F.S.A., a statutory form for a search warrant, which form provides a place for a description of the property to be seized. Under the foregoing authority, it is clear that the search *136 warrant was invalid on its face for its failure to limit the discretion of the officer executing the warrant. State v. Nelson, 84 S.D. 218, 169 N.W.2d 533 (1969); see also Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927).
We note from the record on appeal the affidavits on which the issuance of the search warrants was based described the property to be seized. Thus the question becomes whether search warrants, invalid on their face, may be validated by the presence of properly drawn supporting affidavits.
There is a fundamental distinction between a search warrant and the underlying or supporting affidavit, and the affidavit is not necessarily either part of the warrant nor available for defining the scope of the warrant. Moore v. United States, 149 U.S.App.D.C. 150, 461 F.2d 1236 (1972). Therefore, even if the affidavit which supported the warrant was sufficiently detailed, it would not cure the defect in the search warrant consisting of a failure to describe items to be seized with particularity, since specificity is required in the search warrant so that the discretion of the officer executing the search warrant is limited. State v. Muldowney, 60 N.J. 594, 292 A.2d 26 (1972); see also Marron v. United States, supra.
Some decisions, however, have permitted an affidavit to cure a defective search warrant where the affidavit and the search warrant are such that they can be reasonably said to constitute one document. Two requirements must be satisfied to reach this result: first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference. Moore v. United States, supra, aff'g United States v. Moore, 263 A.2d 652 (D.C.App. 1970); United States v. Ortiz, 311 F. Supp. 880 (D.C.Colo. 1970), aff'd 445 F.2d 1100, cert. denied 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545.
In the case sub judice the above requirements have not been satisfied; the affidavits therefore do not cure the fatal defect in the search warrant consisting of a failure to particularly describe the property to be seized. Therefore, it was error for the trial court not to have suppressed the evidence seized as a result of the search warrant. Florida Const., art. 1, § 12, F.S.A.
Accordingly, the judgments are reversed, the sentences vacated and set aside, and the cause remanded for a new trial.
Reversed and remanded.
MAGER, J., concurs.
WALDEN, J., concurs specially.
WALDEN, Judge (specially concurring):
I concur fully in the opinion which finds the search warrant to be fatally defective. For the possible government of the trial court upon remand and retrial, I further record my opinion as concerns the trial court procedures:
A. The proofs were insufficient to establish the guilt of appellant  both as to identity and the essential elements of the charged crime.
B. The jury was insufficiently charged as to the elements of the crime.

ON REHEARING
Ordered that the Petition of Rehearing having been granted by order of this court, and the court having heard arguments of counsel for the respective parties, the original opinion dated June 29, 1973 is adhered to.